**STATE of Iowa, Appellant,**

v.

**Laverne Benjamin MARKUS, Appellee.**

**No. 90–1469.**

Court of Appeals of Iowa.

Sept. 24, 1991.

Bonnie J. Campbell, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., Fred H.

McCaw, Co. Atty., and Mark T. Hostager, Asst. Co. Atty., for appellant.

Russel A. Neuwoehner, Dubuque, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

SCHLEGEL, Judge.

Police stopped defendant's vehicle based on an anonymous telephone tip. The stop revealed defendant was operating while intoxicated. The issue is whether the tip was corroborated by independent police work and, if so, did the tip exhibit sufficient indicia of reliability to provide reasonable suspicion to justify the investigatory stop. We find the tip was sufficiently corroborated and, therefore, the officers had a reasonable suspicion that criminal activity was taking place.

An anonymous motorist, using a cellular car phone, called the police to report he was following a pickup truck that was "all over the roadway." The anonymous caller gave a description of the truck, including a license number. The caller also told the truck's location and direction of travel. Two police officers in separate cars heard the dispatcher explain the anonymous caller's report, followed the caller's directions, located the truck, and stopped it. At the time of the stop one officer saw another vehicle behind the truck; this was the only other vehicle in the area. The officers made no independent observations of how the defendant was driving.

Upon stopping the truck the officers formed a belief that its driver, Laverne Markus, was intoxicated. Markus was arrested, and he was later charged with third offense operating while intoxicated.

Markus filed a motion to suppress all evidence resulting from his encounter with the two police officers. The district court sustained Markus's motion and suppressed the evidence. The district court noted (1) that the officers themselves had made no observations of how the truck was being driven, and (2) that they had relied solely on the anonymous caller's telephone report to reach their belief that improper driving had occurred. The district court concluded the officers lacked sufficient information to justify a reasonable suspicion of criminal activity.

The State was granted discretionary review to challenge the district court's suppression order. The State argues the anonymous caller's tip did give the officers enough information to justify a reasonable suspicion of criminal activity. Hence, the State argues the stop of Markus's truck was justified. The State asserts, among other things, that the police corroborated a portion of the tipster's information by finding a vehicle matching the tipster's description at the place specified by the tipster.

## I.

The fourth amendment requires a police officer to have reasonable cause to stop a vehicle for investigatory purposes. *State v. Lamp*, 322 N.W.2d 48, 51 (Iowa 1982) (citing *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968)). Reasonable cause exists when an officer observes unusual conduct leading the officer to conclude that criminal activity may be afoot. *State v. Donnell*, 239 N.W.2d 575, 577 (Iowa 1976).

If a defendant challenges a stop, alleging that reasonable cause did not exist, the State must show the stopping officer had "specific and articulable cause to support a reasonable belief that criminal activity may have occurred." *State v. Aschenbrenner*, 289 N.W.2d 618, 619 (Iowa 1980). If the State fails to sustain its burden, evidence taken as a result of the stop must be suppressed. *Id.* The factual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by information acquired from another person. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *People v. Tooks*, 403 Mich. 568, 271 N.W.2d 503 (1978). We find the State did meet its burden and the district court was incorrect in upholding the defendant's motion to suppress. Since constitutional rights are at issue in this case, our review is de novo. *See Lamp*, 322 N.W.2d at 50.

## II.

The Supreme Court recently addressed the issue of corroboration in an anonymous telephone tip situation. *Alabama v. White*, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). In *White* the police received an anonymous telephone call stating Vanessa White would leave a certain apartment at a particular time in a brown Plymouth station wagon with the right taillight lens broken, she would go to a certain motel, and she would have cocaine in a brown attache case. *White*, 496 U.S. at ——, 110 S.Ct. at 2414, 110 L.Ed.2d at 306–07. Not every detail of the tip was verified, but the Court found the officers did corroborate that a woman left the apartment building and got into the described vehicle and that she traveled in the direction of the motel. The Court felt reasonable suspicion was dependent upon the content of information possessed by the police and its degree of reliability. and found the officer's corroboration proved the tip's reliability and he could therefore have had a reasonable suspicion. *White*, 496 U.S. at ——, 110 S.Ct. at 2417, 110 L.Ed.2d at 310.

The anonymous caller in the present case gave just as much information as the caller in *White*, and we believe the officers corroborated the caller's information. The informant called to report a possible operating while intoxicated offense and gave the police dispatcher the vehicle's license plate number, a detailed description, and the direction of travel in a point-by-point fashion. These facts were corroborated when the officers found the described vehicle going in the direction and on the highway reported by the caller. *See Marben v. State*, 294 N.W.2d 697, 699 (Minn. 1980). Independent corroboration of the *inculpatory* details of an informant's tip is not mandatory. *State v. Niehaus*, 452 N.W.2d 184, 191 (Iowa 1990). The officers did not have to see the defendant drive "all over the roadway" since they had reliable information from the caller. *See Adams*, 407 U.S. at 147, 92 S.Ct. at 1924, 32 L.Ed.2d at 617–18.

We believe, as a result of the caller's report, the officers had a specific and articulable suspicion of a violation so as to warrant a stop of Markus's vehicle. The caller was following the defendant and giving a point-by-point description of Markus's location to the dispatcher. Based on the informant's claim that the defendant "was all over the roadway" the officers had a specific and articulable suspicion that a traffic violation had occurred and thus the stop of Markus's vehicle was proper.

## III.

The "totality of the circumstances" approach is used to determine whether an informant's tip established reasonable suspicion. *White*, 496 U.S. at ——, 110 S.Ct. at 2415, 110 L.Ed.2d at 308. The officers found the informant was accurate as to the descriptions of the vehicle and its location, so had reason to believe he was also accurate as to the alleged criminal activity. "Because an informant is shown to be right about some things, he is probably right about other facts that he has alleged, including the claim that the object of the tip is engaged in criminal activity." *Illinois v. Gates*, 462 U.S. 213, 244, 103 S.Ct. 2317, 2335, 76 L.Ed.2d 527 (1983). The caller here asserted the defendant "was all over the roadway" which, when looking at the totality of the circumstances, gave the officers the sufficient reasonable suspicion to stop the defendant and investigate this exigent circumstance. *See* 3 W. LaFave, *Search and Seizure*, § 9.3(e), at 479 (1987) (stop "upon suspicious circumstances reported to the police by a reliable person in a nonconclusory fashion" should be valid).

The informant's tip contained sufficient indicia of reliability to provide reasonable suspicion to make the stop. The anonymous caller here is presumably a citizen. Where a citizen informant is involved, a common sense analysis of the totality of the circumstances must be applied to assess the reliability of the information. *Niehaus*, 452 N.W.2d at 189–90. The reliability of a citizen informant is generally shown " 'by the very nature of the circumstances under which the incrimina-

ting information became known.' " *State v. Post,* 286 N.W.2d 195, 200 (Iowa 1979) (quoting *State v. Drake,* 224 N.W.2d 476, 478 (Iowa 1974)). The informant here had been directly following the defendant, and it was likely he was fearful of Markus's manner of driving. This type of situation makes it very unlikely that there would be any bad motive on the part of the informant.

We realize anonymous tips are believed to be "presumptively unreliable." *See* Comment, *Anonymous Tips, Corroboration and Probable Cause: Reconciling the* Spinelli/Draper *Dichotomy in* Illinois v. Gates, 20 Am.Crim.L.Rev. 99, 107 (1982). This "presumption," however, can be overcome by external considerations. The specificity and underlying circumstances of the tip here increased its reliability.

We conclude that when the officers stopped Markus, the anonymous tip had been sufficiently corroborated by the identification of the vehicle and its location to furnish reasonable suspicion that he was engaged in criminal activity. The investigative stop therefore did not violate the Fourth Amendment of the United States Constitution or Article I section 8 of the Iowa Constitution. The district court erroneously suppressed the police officers' evidence. We reverse and remand the case for trial.

REVERSED AND REMANDED.