In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00101-CR


______________________________




RANDALL FRANK POSPISIL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 354th Judicial District Court


Hunt County, Texas


Trial Court No. 24,581




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Randall Frank Pospisil (hereinafter Appellant) appeals his conviction for felony driving while
intoxicated (DWI). See Tex. Penal Code Ann. § 49.09 (Vernon Supp. 2008). At issue in this case
is whether the arresting officer, Danny Turentine of the Greenville, Texas, Police Department, had
sufficient, articulable facts based on a private citizen's 9-1-1 call to justify the traffic stop of
Appellant's vehicle. (1) We conclude the trial court properly determined the officer had sufficient facts
to support the initial investigative detention. Accordingly, we affirm the trial court's judgment.

 The evidence admitted in the court below shows the City of Greenville's 9-1-1 dispatcher
received a telephone call from Devin D. Holt on April 17, 2007. Holt identified himself as an off-duty Dallas firefighter and called 9-1-1 to report a reckless driver that Holt had been following along
Highway 69. Officer Turentine, who was only a few blocks away, was dispatched to the scene of
the suspected reckless driver. Turentine quickly spotted the suspected vehicle, pulled in behind it,
and initiated a traffic stop. 

 We review a trial court's ruling on a motion to suppress under a bifurcated standard. We
defer to the trial court's finding of historical facts and its evaluation of witness credibility, but we
review de novo the trial court's application of law to fact. Wiede v. State, 214 S.W.3d 17, 25 (Tex.
Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). The trial court's
evidentiary ruling "will be upheld on appeal if it is correct on any theory of law that finds support
in the record." Gonzalez v. State, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006). Generally, we
review de novo determinations of probable cause after granting deference to the trial court's
determination of historical facts. Guzman v. State, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

 The Fourth Amendment generally protects citizens from unreasonable searches and seizures. 
U.S. Const. amend. IV. It is well settled in Fourth Amendment jurisprudence that absent a warrant
or some functional equivalent giving probable cause to arrest, only a limited, investigatory detention
of an individual is permitted. Burkes v. State, 830 S.W.2d 922, 925 (Tex. Crim. App. 1991). An
investigative detention during the course of a traffic stop in which the subject is not free to leave is
a seizure for purposes of the Fourth Amendment, and the appellate court must analyze the stop under
the reasonableness standard. Whren v. United States, 517 U.S. 806 (1996).

 Under Terry v. Ohio, 392 U.S. 1, 19-20 (1968), the determination of whether an investigative
detention is reasonable is a two-pronged inquiry: First, was the officer's action justified at its
inception? This requires a showing that the officer has reasonable suspicion to believe criminal
activity is afoot--meaning the officer "has specific, articulable facts that, when combined with
rational inferences from those facts, would lead him or her to reasonably conclude that a particular
person actually is, has been, or soon will be engaged in criminal activity." Carrillo v. State, 235
S.W.3d 353, 356 (Tex. App.--Texarkana 2007, pet. ref'd) (citing Ford v. State, 158 S.W.3d 488, 492
(Tex. Crim. App. 2005)). Second, was the detention reasonably related in scope to the circumstances
that justified the interference in the first place? This provision generally prevents state officials from
turning every minor traffic violation into a major fishing expedition. This two-pronged
determination is a factual one and is made and reviewed by considering the totality of the
circumstances existing throughout the detention. Loesch v. State, 958 S.W.2d 830, 832 (Tex. Crim.
App. 1997).

 "The factual basis for stopping a vehicle need not arise from the officer's personal
observation, but may be supplied by information acquired from another person." Brother v. State,
166 S.W.3d 255, 257 (Tex. Crim. App. 2005) (citing Adams v. Williams, 407 U.S. 143, 147 (1972)). 
"An officer may rely on information received from a citizen, rather than his direct observation, so
long as the citizen's statement is reasonably corroborated by other matters within the officer's
knowledge." Turley v. State, 242 S.W.3d 178, 181 (Tex. App.--Fort Worth 2007, no pet.). "[T]he
reliability of a citizen-informant is generally shown by the very nature of the circumstances under
which the incriminating information became known to him or her." Brother, 166 S.W.3d at 258
(citing State v. Markus, 478 N.W.2d 405 (Iowa Ct. App. 1991)). "A citizen's tip deserves great
weight when there is a detailed description of the wrongdoing along with a statement that the event
was witnessed firsthand, when a citizen puts herself in a position to be held accountable for her
intervention, or when the citizen is not connected with the police or a paid informant." Turley, 242
S.W.3d at 181. "When police receive information from a private citizen whose only contact with
the police is a result of having witnessed a criminal act committed by another, the credibility and
reliability of the information is inherent." Cornejo v. State, 917 S.W.2d 480, 483 (Tex.
App.--Houston [14th Dist.] 1996, pet. ref'd).

 Based on the totality of circumstances, we conclude that Officer Turentine had reasonable
suspicion to stop Appellant. To begin with, Holt's citizen-informant tip was sufficiently reliable. 
He was not anonymous; he had identified himself by name and occupation to the dispatcher, who
then relayed at least the occupational information to Turentine. Holt was thus in a position to be held
accountable for his intervention, one factor indicating the tip was reliable. Further, Holt relayed
events he had witnessed firsthand, another indication of reliability. There is no indication in the
record Holt was a police employee or paid informant, or otherwise had any motivation to lie such
that would give the officer pause to doubt Holt's reliability. Holt was also a professional firefighter,
making him one of the types of people (along with teachers and police officers) that we teach our
children are generally trustworthy and reliable. Officer Turentine also responded to the dispatch in
a short amount of time and had an opportunity to corroborate Holt's description of the vehicle with
the officer's own observations. Under the totality of these circumstances, we agree with the trial
court's conclusion that Officer Turentine had sufficient, reasonable, articulable facts to justify the
temporary detention of Appellant's vehicle.

 Since Appellant does not challenge the propriety of any of the events following the initial
detention, we overrule Appellant's sole point of error and affirm the trial court's judgment.




 Bailey C. Moseley

 Justice


Date Submitted: October 2, 2008

Date Decided: October 3, 2008


Do Not Publish
1. After the trial court denied his motion to suppress, Pospisil pled guilty and submitted the
issue of punishment to the trial court's discretion. The trial court assessed Pospisil's punishment at
imprisonment for thirty months, with credit for 324 days already served. 



160; Mandamus will issue only when the record establishes (1) a clear abuse of discretion or the
violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839 (Tex.
1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of
discretion, or, in the absence of another statutory remedy, when the trial court fails to observe a
mandatory provision conferring a right or forbidding a particular action. Abor v. Black, 695 S.W.2d
564, 567 (Tex. 1985) (orig. proceeding). 
            A trial court is required to consider and rule on a motion within a reasonable time. Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); Kissam v.
Williamson, 545 S.W.2d 265, 266–67 (Tex. Civ. App.—Tyler 1976, orig. proceeding). When a
motion is properly filed and pending before a trial court, considering and ruling on that motion is a
ministerial act, and mandamus may issue to compel the trial court to act. Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); see also Eli Lilly
& Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992) (holding trial court abused its discretion by
refusing to conduct hearing and render decision on motion); Chiles v. Schuble, 788 S.W.2d 205, 207
(Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (finding mandamus appropriate to require
trial court to hold hearing and exercise discretion). While we have jurisdiction to direct the trial
court to make a decision, we may not tell the court what that decision should be. Crofts v. Court of
Civil Appeals, 362 S.W.2d 101 (Tex. 1962); O'Donniley v. Golden, 860 S.W.2d 267, 269–70 (Tex.
App.—Tyler 1993, orig. proceeding).
III. Jones' Petition for Writ of Mandamus
            The clerk of this Court has contacted the Bowie County District Clerk's Office, which
reported that Jones has filed neither an application for post-conviction writ of habeas corpus nor an
application for a bench warrant. And Jones has not submitted a record to this Court (other than his
one-page, entirely handwritten petition) suggesting otherwise. Therefore, from the information and
record available to this Court, we have no evidence that the trial court has failed to perform the
ministerial act of timely ruling on an application filed by Jones. Accordingly, we deny Jones'
petition for writ of mandamus.
 
                                                                        Jack Carter
                                                                        Justice

Date Submitted:          October 25, 2005
Date Decided:             October 26, 2005
 
Do Not Publish