Travis James TURLEY, Appellant,

v.

The STATE of Texas, State.

No. 2–07–040–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 29, 2007.

Rehearing Overruled Dec. 13, 2007.

Leigh W. Davis, Fort Worth, TX, for Appellant.

Charles M. Mallin, Chief Appellate Div., District Attorney's Office, Kimberly Wesley, Criminal District Attorney's Office, Fort Worth, TX, for Appellee.

Panel A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

## MEMORANDUM OPINION[1]

PER CURIAM.

Appellant Travis James Turley appeals his conviction for driving while intoxicated. We affirm.

Appellant was charged with misdemeanor driving while intoxicated (DWI). Before trial, appellant moved to suppress evidence, arguing that the arresting officer lacked reasonable suspicion to stop him. After an evidentiary hearing, the trial court denied the motion to suppress without entering findings of fact. Appellant subsequently pleaded guilty to DWI, and the trial court sentenced appellant, pursuant to a plea bargain, to a fine of $550.00 and ninety days in jail, probated for twenty-four months.

Shortly after pleading guilty, appellant filed a motion for new trial, alleging that he would not have pleaded guilty had he known that his driver's license would be suspended. Appellant's attorney requested a hearing on the motion for new trial, but appellant claims that a hearing was never held.

In his first issue, appellant contends that the trial court erred by failing to hold a hearing on his motion for new trial which, he claims, was properly supported by affidavits alleging matters not determinable from the record and timely presented to the trial court.

Appeals from misdemeanor convictions based on plea-bargained guilty or nolo contendere pleas honored by the trial court are governed by Texas Rule of Appellate Procedure 25.2(a)(2).[2] Rule 25.2(a)(2) limits the right to appeal in a plea bargain case to those matters that were raised by a written motion filed and ruled on before trial or after getting the trial court's permission to appeal.[3] The limitation on the right to appeal extends to claims that a plea was involuntary and to complaints challenging a trial court's ruling, or failure to hold a hearing, on a motion for new trial.[4]

1. *See* TEX.R.APP. P. 47.4.

2. *See, e.g., Merino v. State,* No. 14–05–01091–CR, 2005 WL 3199450, at *1 (Tex.App.-Houston [14th Dist.] Dec. 1, 2005, pet. ref'd) (mem. op., not designated for publication); *Martinez v. State,* No. 04–03–00780–CR, 2004 WL 199278, at *1 (Tex.App.-San Antonio Feb.4, 2004, no pet.) (mem. op., not designated for publication); *Webb v. State,* No. 02–02– 00432–CR, 2003 WL 21666630, at *1 (Tex. App.-Fort Worth July 17, 2003, pet. ref'd) (mem. op., not designated for publication).

3. TEX.R.APP. P. 25.2(a)(2).

4. *See Whitfield v. State,* 111 S.W.3d 786, 789 (Tex.App.-Eastland 2003, pet. ref'd) (dismissing appeal from plea-bargained, felony case involving the denial of a motion for new trial);

Here, the trial court's amended certification of appellant's right to appeal states that this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal."[5] The trial court did not give appellant permission to appeal the trial court's failure to hold a hearing on appellant's motion for new trial, nor is there any evidence in the record that appellant requested permission to appeal such a complaint. Accordingly, we do not have the authority to consider appellant's first issue, and we dismiss it without addressing the merits.[6]

 In his second issue, appellant complains that the trial court erred by failing to grant his motion to suppress because the officer based the stop solely on information he received from a citizen.

We review a trial court's ruling on a motion to suppress evidence under a bifur-cated standard of review.[7] We do not engage in our own factual review but give "almost total deference" to the trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.[8] However, when the trial court's rulings do not turn on the credibility and demeanor of the witnesses, we review a trial court's rulings on mixed questions of law and fact de novo.[9]

 An officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law.[10] Reasonable suspicion exists when, based on the totality of circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts would lead him reasonably to conclude that a particular person is, has been, or soon will be engaged in criminal activity.[11]

---

5. The record supports the correctness of the certification. *See Dears v. State*, 154 S.W.3d 610, 613–15 (Tex.Crim.App.2005).

6. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex.Crim.App.2006) (holding that once appellate court determines appellant has no right of appeal, dismissal is required without inquiry into even possibly meritorious claims); *Bayless v. State*, 91 S.W.3d 801, 803 n. 2 (Tex.Crim.App.2002) (explaining that the issue is not the court of appeals' jurisdiction but rather whether the matter complained of is cognizable); *Webb*, 2003 WL 21666630, at *1 (refusing to address appellant's second point that was not raised in pretrial motion and where the trial court did not grant permission to appeal the matter).

*Garcia v. State*, 76 S.W.3d 33, 35–36 (Tex. App.-Amarillo 2001, pet. ref'd) (holding that court of appeals could not consider appellant's complaint that the trial court refused to hold a hearing on his motion for new trial following a plea bargain); *Lenox v. State*, 56 S.W.3d 660, 664–65 (Tex.App.-Texarkana 2001, pet. ref'd) (declining to address voluntariness of appellant's plea-bargained guilty plea to misdemeanor without the trial court's permission); *see also Cooper v. State*, 45 S.W.3d 77, 81 (Tex.Crim.App.2001) (holding that voluntariness of a plea may not be raised on appeal from a plea-bargained, felony charge absent the trial court's permission).

7. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App.2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997).

8. *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex.Crim.App.2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex.Crim.App.2002); *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim.App.1990); *State v. Ballman*, 157 S.W.3d 65, 68 (Tex.App.-Fort Worth 2004, pet. ref'd).

9. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim.App.2005); *Johnson*, 68 S.W.3d at 652–53.

10. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim.App.2005).

11. *Id.* at 492–93.

██ An officer may rely on information received from a citizen, rather than his direct observation, so long as the citizen's statement is reasonably corroborated by other matters within the officer's knowledge.[12] Corroboration means that the officer confirms enough facts to conclude reasonably, in light of the circumstances, that the information provided is reliable and a detention is justified.[13] Where the reliability of information is increased, less corroboration is necessary.[14] A citizen's tip deserves great weight when there is a detailed description of the wrongdoing along with a statement that the event was witnessed firsthand, when a citizen puts herself in a position to be held accountable for her intervention, or when the citizen is not connected with the police or a paid informant.[15]

Officer David Jackson testified that on December 12, 2005, around 3:00 a.m., he received a call on his cell phone from a gas station clerk named Angela. Officer Jackson knew Angela because he often stopped at the gas station. Angela told Officer Jackson that appellant had driven into the gas station parking lot and almost hit one of the gas pumps. She also stated that when appellant entered the store she smelled alcohol on him and suspected that he was intoxicated. Angela gave Officer Jackson appellant's license plate number and a description of his vehicle.

Officer Jackson arrived at the gas station about two or three minutes after receiving the call. He located appellant's car, verified the license plate number that he had received, and observed appellant for a few minutes in the parking lot. When appellant drove off, Officer Jackson followed him. Even though he did not witness any traffic violations, Officer Jackson stopped appellant, performed field sobriety tests, and ultimately arrested appellant for DWI.[16]

Based on the totality of circumstances, we conclude that Officer Jackson had reasonable suspicion to stop appellant. To begin with, the citizen-informant's tip was sufficiently reliable. The informant in this case was not anonymous, but Officer Jackson knew both her first name and the location from which she was calling, which was her workplace. Thus, Angela was in a position to be held accountable for her intervention, one factor indicating that the tip was reliable.[17] Further, Angela relayed events that she had witnessed firsthand, and she continued to observe appellant's vehicle in the parking lot while she called Officer Jackson, two other indications of reliability.[18] She also gave Officer Jackson the make, model, color, and li-

---

12. *Brother v. State,* 166 S.W.3d 255, 258–59 (Tex.Crim.App.2005), *cert. denied,* 546 U.S. 1150, 126 S.Ct. 1172, 163 L.Ed.2d 1129 (2006); *State v. Sailo,* 910 S.W.2d 184, 188–89 (Tex.App.-Fort Worth 1995, pet. ref'd) (citing *Illinois v. Gates,* 462 U.S. 213, 242, 103 S.Ct. 2317, 2334, 76 L.Ed.2d 527 (1983)).

13. *Brother,* 166 S.W.3d at 259 n. 5; *Sailo,* 910 S.W.2d at 189.

14. *Pipkin v. State,* 114 S.W.3d 649, 654 (Tex. App.-Fort Worth 2003, no pet.); *State v. Stolte,* 991 S.W.2d 336, 341 (Tex.App.-Fort Worth 1999, no pet.).

15. *Pipkin,* 114 S.W.3d at 655; *Stolte,* 991 S.W.2d at 341.

16. At the beginning of the hearing on the motion to suppress, the parties agreed that the scope of the hearing was "the reasonable suspicion for the stop ... not the intoxication facts."

17. *See, e.g., Pipkin,* 114 S.W.3d at 655. Angela's written police report, prepared several days after appellant's arrest, demonstrates that she was actually contacted at a later time.

18. *Id.*

cense plate number of the vehicle, and Officer Jackson's ability to identify the correct vehicle based on the tip increased the reliability of the information.[19] Finally, there is no indication that Angela was a paid informant, which would decrease her reliability.[20] We conclude, therefore, that Officer Jackson was justified in relying on Angela's tip.[21]

Angela told Officer Jackson that appellant almost hit a gas pump when he drove into the parking lot, that he smelled of alcohol, and that she thought he was intoxicated. Based on the totality of circumstances, Officer Jackson had specific, articulable facts that led him reasonably to conclude that appellant was driving while intoxicated.[22] Thus, we hold that the trial court correctly denied the motion to suppress,[23] and we overrule appellant's second issue.

Having dismissed appellant's first issue and overruled his second, we affirm the trial court's judgment.

---

**19.** *See Brother,* 166 S.W.3d at 258; *Gansky v. State,* 180 S.W.3d 240, 246 (Tex.App.-Fort Worth 2005, pet. ref'd).

**20.** *See Pipkin,* 114 S.W.3d at 655.

**21.** *See, e.g., id.; Anders v. State,* No. 02–06–00315–CR, 2007 WL 1575015, at *3 (Tex. App.-Fort Worth May 31, 2007, no pet.) (mem. op., not designated for publication).

**22.** *See, e.g., Potts v. State,* No. 11–01–00246–CR, 2002 WL 32344506, at *2 (Tex.App.-Eastland June 27, 2002, no pet.) (holding reasonable suspicion to further detain and investigate existed where appellant reportedly drove erratically and smelled of alcohol).

**23.** Although appellant argues, as he did in the trial court, that Officer Jackson's testimony is not credible because it incorporated details not included in his written police report and earlier testimony at an administrative license revocation hearing, we give almost total deference to the trial court's evaluation of credibility. *E.g., Johnson,* 68 S.W.3d at 652–53; *Ballman,* 157 S.W.3d at 68.