

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00101-CR

_____

RANDALL FRANK POSPISIL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 24,581

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Randall Frank Pospisil (hereinafter Appellant) appeals his conviction for felony driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. § 49.09 (Vernon Supp. 2008). At issue in this case is whether the arresting officer, Danny Turentine of the Greenville, Texas, Police Department, had sufficient, articulable facts based on a private citizen's 9-1-1 call to justify the traffic stop of Appellant's vehicle.[1] We conclude the trial court properly determined the officer had sufficient facts to support the initial investigative detention. Accordingly, we affirm the trial court's judgment.

The evidence admitted in the court below shows the City of Greenville's 9-1-1 dispatcher received a telephone call from Devin D. Holt on April 17, 2007. Holt identified himself as an off-duty Dallas firefighter and called 9-1-1 to report a reckless driver that Holt had been following along Highway 69. Officer Turentine, who was only a few blocks away, was dispatched to the scene of the suspected reckless driver. Turentine quickly spotted the suspected vehicle, pulled in behind it, and initiated a traffic stop.

We review a trial court's ruling on a motion to suppress under a bifurcated standard. We defer to the trial court's finding of historical facts and its evaluation of witness credibility, but we review de novo the trial court's application of law to fact. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). The trial court's

---

[1]After the trial court denied his motion to suppress, Pospisil pled guilty and submitted the issue of punishment to the trial court's discretion. The trial court assessed Pospisil's punishment at imprisonment for thirty months, with credit for 324 days already served.

evidentiary ruling "will be upheld on appeal if it is correct on any theory of law that finds support in the record." *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006). Generally, we review de novo determinations of probable cause after granting deference to the trial court's determination of historical facts. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997).

The Fourth Amendment generally protects citizens from unreasonable searches and seizures. U.S. CONST. amend. IV. It is well settled in Fourth Amendment jurisprudence that absent a warrant or some functional equivalent giving probable cause to arrest, only a limited, investigatory detention of an individual is permitted. *Burkes v. State*, 830 S.W.2d 922, 925 (Tex. Crim. App. 1991). An investigative detention during the course of a traffic stop in which the subject is not free to leave is a seizure for purposes of the Fourth Amendment, and the appellate court must analyze the stop under the reasonableness standard. *Whren v. United States*, 517 U.S. 806 (1996).

Under *Terry v. Ohio*, 392 U.S. 1, 19–20 (1968), the determination of whether an investigative detention is reasonable is a two-pronged inquiry: First, was the officer's action justified at its inception? This requires a showing that the officer has reasonable suspicion to believe criminal activity is afoot—meaning the officer "has specific, articulable facts that, when combined with rational inferences from those facts, would lead him or her to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Carrillo v. State*, 235 S.W.3d 353, 356 (Tex. App.—Texarkana 2007, pet. ref'd) (citing *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005)). Second, was the detention reasonably related in scope to the circumstances

that justified the interference in the first place? This provision generally prevents state officials from turning every minor traffic violation into a major fishing expedition. This two-pronged determination is a factual one and is made and reviewed by considering the totality of the circumstances existing throughout the detention. *Loesch v. State*, 958 S.W.2d 830, 832 (Tex. Crim. App. 1997).

"The factual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by information acquired from another person." *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005) (citing *Adams v. Williams*, 407 U.S. 143, 147 (1972)). "An officer may rely on information received from a citizen, rather than his direct observation, so long as the citizen's statement is reasonably corroborated by other matters within the officer's knowledge." *Turley v. State*, 242 S.W.3d 178, 181 (Tex. App.—Fort Worth 2007, no pet.). "[T]he reliability of a citizen-informant is generally shown by the very nature of the circumstances under which the incriminating information became known to him or her." *Brother*, 166 S.W.3d at 258 (citing *State v. Markus*, 478 N.W.2d 405 (Iowa Ct. App. 1991)). "A citizen's tip deserves great weight when there is a detailed description of the wrongdoing along with a statement that the event was witnessed firsthand, when a citizen puts herself in a position to be held accountable for her intervention, or when the citizen is not connected with the police or a paid informant." *Turley*, 242 S.W.3d at 181. "When police receive information from a private citizen whose only contact with the police is a result of having witnessed a criminal act committed by another, the credibility and

4

reliability of the information is inherent." *Cornejo v. State*, 917 S.W.2d 480, 483 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd).

Based on the totality of circumstances, we conclude that Officer Turentine had reasonable suspicion to stop Appellant. To begin with, Holt's citizen-informant tip was sufficiently reliable. He was not anonymous; he had identified himself by name and occupation to the dispatcher, who then relayed at least the occupational information to Turentine. Holt was thus in a position to be held accountable for his intervention, one factor indicating the tip was reliable. Further, Holt relayed events he had witnessed firsthand, another indication of reliability. There is no indication in the record Holt was a police employee or paid informant, or otherwise had any motivation to lie such that would give the officer pause to doubt Holt's reliability. Holt was also a professional firefighter, making him one of the types of people (along with teachers and police officers) that we teach our children are generally trustworthy and reliable. Officer Turentine also responded to the dispatch in a short amount of time and had an opportunity to corroborate Holt's description of the vehicle with the officer's own observations. Under the totality of these circumstances, we agree with the trial court's conclusion that Officer Turentine had sufficient, reasonable, articulable facts to justify the temporary detention of Appellant's vehicle.

Since Appellant does not challenge the propriety of any of the events following the initial detention, we overrule Appellant's sole point of error and affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:      October 2, 2008
Date Decided:        October 3, 2008

Do Not Publish