Opinion to: SR TJ EVK ERA GCH LCH JB JS MM TGT
















Opinion issued January
21, 2010                                                                                                                                                                                                                                                                                                            



 

 

 

 

 

  

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-08-00786-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



isaiah
ramon allen,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 337th
District Court

Harris County,
Texas

Trial Court Cause No. 1133861

 



MEMORANDUM opinion

Appellant, Isaiah Ramon Allen, pled
guilty to the felony offense of possession with the intent to deliver cocaine[1] after the State agreed to dismiss a related
aggravated robbery case pending against him[2] and
“cap” his punishment at thirty years confinement.  As part of his plea agreement, appellant
also pled true to two enhancement paragraphs, namely (1) that he used and
exhibited a deadly weapon in the commission of his offense, and (2) that he was
previously convicted of the felony offense of delivery of a controlled
substance. 

As part of the plea procedure,
appellant, appellant’s counsel, and the State signed a stipulation of evidence
which included, among others, the following statements: “I intend to enter a
plea of guilty and understand that the prosecutor… [has agreed to a
pre-sentence investigation and a] cap of 30 years in prison (with deadly weapon
¶) and I agree to that recommendation . . . Further, I waive any right of
appeal which I may have should the court accept the foregoing plea bargain
agreement between myself and the prosecutor.” 
The stipulation also contains a separate handwritten amendment
indicating that the aggravated robbery case is “dismissed as part of plea
bargain only.”  After a pre-sentence
investigation and hearing, the trial court sentenced appellant to thirty-years confinement and a $100 fine, a punishment that
fell within the agreed punishment cap.[3] 

Appellant filed a timely motion for
new trial, arguing that his plea was involuntary due to ineffective assistance
of counsel. Appellant’s motion was accompanied by affidavits and included a
request for an evidentiary hearing.  The
court denied appellant’s request for an evidentiary hearing and ruled that it
would only receive evidence submitted by affidavit.  Appellant filed written objections to this
ruling which the trial court denied.[4]  In his sole issue on appeal, appellant
contends that the trial court erred when it failed to grant his request for an
evidentiary hearing on his motion for new trial.

In his brief, appellant contends that
he was entitled to an evidentiary hearing on his motion for new trial because his
motion raised ineffective assistance of counsel claims that were not
determinable from the record.  After
appellant filed his brief, this Court abated appellant’s appeal and remanded
the case to the trial court for a hearing on whether the certification of
appeal, which conflicted with the record, needed to be supplemented or amended.  After a hearing, a supplemental clerk’s
record, including an amended certification of right to appeal was filed with
this Court.  The amended certification
stated that that the judgment incorrectly indicated that appellant’s plea was
made “without an agreed recommendation,” when in fact,
the plea agreement capped appellant’s punishment range at thirty years
confinement and provided for the dismissal of a related case.  Accordingly, the trial court certified that
appellant had no right of appeal.

After the abatement
hearing on this issue, appellant filed a motion in this Court entitled “Motion
for Appellant’s Right to Appeal the Denial of his Hearing on Motion for New
Trial.”  In that motion, appellant argues that he has
the right to appeal the trial court’s refusal to grant him an evidentiary
hearing on his motion because he “seeks to appeal this denial and not his
sentence.”  Appellant cites no
authorities in support of this proposition. 

When a defendant pleads guilty
pursuant to a plea–bargain agreement and the punishment assessed does not
exceed the plea agreement, the defendant may appeal only those matters that
were raised by written motion filed and ruled on before trial, or after
obtaining the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2); see also Chavez v.
State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (holding that agreement
to punishment cap is plea bargain for purposes of Rule 25.2); Shankle v.
State, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003) (same).  A court of appeals has “no authority to address
issues that are not authorized by Rule 25.2(a)(2).”  Estrada
v. State, 149 S.W.3d 280, 283 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (en
banc) (per curiam) (citing Woods v. State, 108 S.W.3d 314, 316 (Tex. Crim. App. 2003)). 
The fact that appellant is challenging the trial court’s ruling on a
post-conviction motion does not confer jurisdiction on this Court.  See
Turley v. State, 242 S.W.3d 178, 179 (Tex. App.—Fort Worth 2007, no pet.) (stating
that Rule 25.2(a)(2)’s limitations on right of appeal extend to complaints
challenging trial court’s ruling on motion for new trial or failure to hold
hearing on said motion); accord Estrada, 149 S.W.3d at 285 (stating that
denial of motion for new trial is not appealable in plea-bargained case without
trial court’s permission).

Appellant has not attempted to appeal
matters that were raised by written motion filed and ruled on before trial nor
has he obtained the trial court’s permission to pursue this appeal, as
evidenced by the trial court’s amended certification of appellant’s right to
appeal.  The trial court’s amended
certification of appellant’s right to appeal states that this is a
plea-bargained case and appellant has no right to appeal and the record
supports the certification.  We must
dismiss an appeal “without further action, regardless of the basis for the
appeal” if the trial court’s certification shows there is no right to appeal.  Chavez, 183 S.W.3d
at 680.  We note, however, that
appellant may still submit his ineffective assistance of counsel claims for
review on the merits in an application for writ of habeas corpus.
 Bone v. State, 77 S.W.3d
828, 837 n.30 (Tex. Crim. App. 2002);
Thompson v. State, 9 S.W.3d
808, 814–15 (Tex. Crim. App. 1999).

Accordingly,
we dismiss the appeal for lack of jurisdiction. 
Any pending motions are denied as moot.

PER
CURIAM

Panel
consists of Justices Keyes,
Sharp, and Massengale.

Do not
publish.  Tex. R. App. P. 47.2(b).

 

 











[1]           See Tex.
Health & Safety Code Ann. § 481.112(a), (e) (Vernon Supp.
2008) (possession with intent to deliver two-hundred grams or more but less
than four-hundred grams of controlled substance a first degree felony).  





[2]           Appellant
faced four separate indictments: cause
number 1133535 (aggravated robbery), cause number 1133681 (possession
with the intent to deliver cocaine), cause number 1133863 (felon in possession of a weapon) and cause number 1133862 (possession of a controlled substance).  Cause number 1133535 was dismissed as part of appellant’s plea to cause number 1133861.  Cause numbers 1133863 (felon in possession of a weapon) and 1133862 (possession of a
controlled substance) were apparently
disposed of separately and neither are the subject of this appeal. 





[3]           Appellant
asked to withdraw his guilty plea prior to the commencement of his PSI hearing,
but the court denied his request.  
Appellant does not challenge that ruling in this appeal.





[4]           The
record does not contain an order disposing of appellant’s motion for new trial;
therefore, we presume the motion was overruled by operation of law.  See
Tex. R. App. P. 21.8(c).