•           •           • 
 • • •





MEMORANDUM OPINION

No. 04-09-00411-CR

Edmanuel JUAREZ,
Appellant

v.

The STATE of Texas,
Appellee

From the County Court at Law No.1, Bexar County, Texas
Trial Court No. 257511
Honorable Al Alonso, Judge Presiding
 
Opinion by:    Catherine Stone, Chief Justice
 
Sitting:            Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed: February 3, 2010

AFFIRMED
            Edmanuel Juarez pled no contest to possession of marijuana and was sentenced in accordance
with a plea bargain agreement. On appeal, Juarez challenges the trial court’s denial of his motion
to suppress asserting: (1) no reasonable suspicion supported his initial detention; and (2) he was not
provided with the requisite Miranda


 warnings before making a statement regarding marijuana being
located in the console of his car. Juarez also contends the State engaged in prosecutorial
vindictiveness by offering a plea bargain containing a much greater punishment if Juarez elected to
appeal the trial court’s ruling on the motion to suppress. We affirm the trial court’s judgment.
Motion to Suppress
            We review a trial court’s ruling on a motion to suppress under an abuse of discretion
standard. State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). We will sustain the trial
court’s ruling if it is reasonably supported by the record and is correct on any theory of law
applicable to the case. Id. When, as here, the trial court makes no findings of fact, we review the
evidence in the light most favorable to the trial court’s ruling and assume that the record supports
the trial court’s implicit fact findings. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App.
2000). We give almost total deference to a trial court’s express or implied determination of
historical facts and review de novo the court’s application of the law to those facts. State v. Dixon,
206 S.W.3d at 590.
A.        Reasonable Suspicion to Detain
            In his first point of error, Juarez contends that the officers did not have reasonable suspicion
to support his detention. Specifically, Juarez asserts, “The lack of indicia of reliability from an
anonymous informant coupled with Appellant’s activities did not create reasonable suspicion.”
            The United States Supreme Court has long held that an officer has the right to briefly detain
and investigate a person when the officer has a reasonable suspicion that the person is involved in
criminal activity. State v. Sheppard, 271 S.W.3d 281, 287 (Tex. Crim. App. 2008). Reasonable
suspicion exists if the officer has specific, articulable facts that, when combined with rational
inferences from those facts, would lead him to reasonably conclude that a particular person actually
is, has been, or soon will be engaged in criminal activity. Ford v. State, 158 S.W.3d 488, 492 (Tex.
Crim. App. 2005). This is an objective standard that disregards any subjective intent of the officer
making the stop and looks solely to whether an objective basis for the stop exists. Id. A reasonable
suspicion determination is made by considering the totality of the circumstances. Id. at 492-93.
            In reviewing the trial court’s ruling under the applicable abuse of discretion standard in this
case, we note the Texas Court of Criminal Appeals has expressly rejected the “as consistent with
innocent activity as with criminal activity” construct for evaluating a temporary detention. Curtis
v. State, 238 S.W.3d 376, 378 (Tex. Crim. App. 2007); Woods v. State, 956 S.W.2d 33, 36-37 (Tex.
Crim. App. 1997). Quoting the explanation given by the California court which subsequently
repudiated the construct it had initially created, the Texas Court of Criminal Appeals asserted, “if
circumstances are ‘consistent with criminal activity,’ they permit – even demand – an investigation:
the public rightfully expects a police officer to inquire into such circumstances ‘in the proper
discharge of the officer’s duties.’” Woods v. State, 956 S.W.2d at 36-37 (quoting In re Tony C., 582
P.2d 957, 960-61 (Cal. 1978)). The court also agreed with Chief Justice Rehnquist’s observation
that “the relevant inquiry is not whether particular conduct is innocent or criminal, but the degree
of suspicion that attaches to particular types of noncriminal acts.” Woods, 956 S.W.2d at 38 (citing
U.S. v. Sokolow, 490 U.S. 1, 10 (1989)). The court observed, “We recognize that there may be
instances when a person’s conduct viewed in a vacuum, appears purely innocent, yet when viewed
in light of the totality of the circumstances, those actions give rise to reasonable suspicion.” Woods,
956 S.W.2d at 38.        
            Two witnesses testified at the hearing on the motion to suppress. Deputy Miguel Gonzales,
a seventeen-year veteran with the Bexar County Sheriff’s Office, testified that he was off duty
working security at an apartment complex. The manager of the complex, who Deputy Gonzales had
met on several occasions and who some officers had known for several years, met in the parking lot
with Deputy Gonzales and two other off-duty officers who also were working security at the
apartment complex. The manager pointed the officers toward one of the breezeways of one of the
apartment buildings and informed them that several tenants had complained about smelling burnt
marijuana.


 The officers began surveillance of the breezeway.
            Juarez arrived and parked away from the building under surveillance. Juarez exited his
vehicle, looked toward the breezeway, ran to the opposite side, and went up the stairs and inside an
apartment that was located in the breezeway the officers had under surveillance. Juarez exited the
apartment thirty seconds later and walked quickly to his vehicle. Based on his experience, Deputy
Gonzales testified that Juarez’s actions were suspicious because he parked in the farthest parking
space from the apartment despite closer parking spaces being available close to the stairway, and the
amount of time Juarez spent inside the apartment made Deputy Gonzales suspect Juarez was engaged
in either a narcotics drop-off or pick-up.
            Luis Cerda, an associate manager at the restaurant where Juarez worked, testified that he
directed Juarez to pick up a wrist wallet from another employee who had left work without turning
in the wallet. Juarez was directed to go to the same apartment complex where Deputy Gonzales was
conducting the surveillance. Juarez never returned to work, and Cerda was subsequently informed
that Juarez had been arrested.
            Reasonable suspicion may be supplied by information an officer acquires from another
person if the information is reasonably corroborated by the officer. Brother v. State, 166 S.W.3d
255, 257 (Tex. Crim. App. 2005); Garcia v. State, 296 S.W.3d 180, 185 (Tex. App.—Houston [14th
Dist.] 2009, no pet. h.); State v. Griffey, 241 S.W.3d 700, 704 (Tex. App.—Austin 2007, pet. ref’d). 
Corroboration refers to whether the officer, in light of the circumstances, confirms enough facts to
reasonably conclude that the information given to him is reliable and a temporary detention is
justified. Brother, 166 S.W.3d at 259 n.5; Turley v. State, 242 S.W.3d 178, 181 (Tex. App.—Fort
Worth 2007, no pet.). Where the reliability of information is increased, less corroboration is
necessary. Turley, 242 S.W.3d at 181.
            The reliability of a citizen-informant is generally shown by the very nature of the
circumstances under which the incriminating information became known to him or her. Brother, 166
S.W.3d at 258. The circumstances surrounding information provided by a citizen-informant range
from a completely anonymous phone call to a face-to-face informant who is willing to be held
accountable for the information provided. State v. Griffey, 241 S.W.3d at 704. Information is more
reliable when it is provided face-to-face by a person who puts herself in a position to be held
accountable for her intervention. Garcia, 296 S.W.3d at 185; Turley, 242 S.W.3d at 181.
            Contrary to Juarez’s contention, the information in this case was not an anonymous tip, but
was information provided face-to-face by the apartment manager. Although the apartment manager
did not have firsthand knowledge regarding the marijuana smell, the tenants providing the
information were known to her, and the information was relayed to her in her capacity as the
apartment manager. Under these circumstances, the reliability of the information is increased
because the trial judge could reasonably infer that tenants do not routinely make false complaints to
their apartment manager regarding the odor of marijuana. Moreover, the trial judge could reasonably
infer that an apartment manager would act promptly with regard to complaints from several tenants
so that the complaints were recent. Based on his experience, his observations of Juarez’s actions,
and the information relayed to him, Deputy Gonzales testified that Juarez’s actions were consistent
with a narcotics drop-off or pick-up. See Woods, 956 S.W.2d at 37-38 (quoting Chief Justice
Burger’s assertion in U.S. v. Cortez, 449 U.S. 411, 418 (1981) that “when used by trained law
enforcement officers, objective facts, meaningless to the untrained, can be combined with
permissible deductions from such facts to form a legitimate basis for suspicion of a particular
person . . . .”). Deferring to the trial court’s determination of historical facts and the reasonable
inferences that could be drawn therefrom, we hold that the trial court did not abuse its discretion in
concluding that the officers had reasonable suspicion to temporarily detain Juarez.
B.        Temporary Detention or Arrest
            In his second point of error, Juarez asserts that his statement regarding the location of the
marijuana in the console of his vehicle was made as a result of custodial interrogation. Deputy
Gonzales testified that he and the two other officers were in uniform in an unmarked vehicle while
they conducted their surveillance. After observing Juarez’s actions, Deputy Gonzales stopped the
unmarked vehicle directly behind Juarez’s vehicle. Deputy Gonzales exited his vehicle and
approached the driver’s side door of Juarez’s vehicle. Deputy Gonzales asked Juarez if he lived at
the complex. Juarez was very nervous and replied no. Deputy Gonzales asked Juarez if he had any
handguns, contraband, or illegal drugs. Juarez responded that he had some marijuana in his pants
pocket. Deputy Gonzales asked Juarez to exit the vehicle and placed restraints on him for officer
safety. Deputy Gonzales told Juarez that he was not under arrest, but was being detained. After
patting Juarez down for weapons, Deputy Gonzales asked Juarez where the marijuana was. Juarez
stated that the marijuana was in his pants pocket. After Deputy Gonzales patted Juarez’s pockets
and did not feel any marijuana, he told Juarez that he did not feel anything. Juarez then stated that
the marijuana was in the console of the car. Deputy Gonzales recovered the marijuana from the
console and placed Juarez under arrest.
            Juarez contends that his “detention turned into an arrest when [he] replied affirmatively to
the Deputy’s question as to whether he had drugs in his possession and the Deputy demanded that
he exit the car and placed him in handcuffs.” As a result of the custodial interrogation, Juarez
contends that the evidence of the marijuana should be suppressed.
            Assuming for purposes of this opinion that Juarez’s statement regarding the marijuana being
located in the console was obtained in violation of Miranda, we agree with the State that Juarez’s
contention that evidence of the marijuana must be suppressed as a result is erroneous. “The ‘fruit
of the poisonous tree’ . . . does not apply to mere violations of the prophylactic requirements in
Miranda: while the statement taken in violation of Miranda must be suppressed, other evidence
subsequently obtained as a result of that statement (i.e. the ‘fruits’ of the statement) need not be
suppressed.” Baker v. State, 956 S.W.2d 19, 22 (Tex. Crim. App. 1997); see also State v. Foster,
No. 05-08-01302-CR, 2009 WL 2414485, at *10 (Tex. App.—Dallas Aug. 7, 2009, no pet. h.) (not
designated for publication). “[M]ere noncompliance with Miranda does not result in a carryover
taint beyond the statement itself.” Baker, 956 S.W.2d at 23.


 
            Juarez’s first and second points of error are overruled.
Prosecutorial Vindictiveness
            In his third point of error, Juarez asserts his due process rights were violated when the State
engaged in prosecutorial vindictiveness by bargaining for a much greater punishment if Juarez
exercised his right to appeal the denial of the motion to suppress after he pled guilty. The State
responds that Juarez failed to preserve this complaint for appeal.
            We initially question whether Juarez has the right to raise this complaint on appeal under
Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. The trial court’s certification in this case
acknowledges that Juarez’s case is a plea bargain case but matters were raised by written motion
filed and ruled on before trial. Tex. R. App. P. 25.2(a)(2). Although this allows Juarez to appeal
the denial of the motion to suppress, Juarez did not file any written pre-trial motion alleging
prosecutorial vindictiveness or obtain a ruling thereon. Accordingly, Rule 25.2(a)(2) precludes
Juarez from raising this complaint on appeal. Id.; see also Calderon v. State, No. 08-08-00258-CR,
2009 WL 1945647, at *1 (Tex. App.—El Paso July 8, 2009, no pet.) (noting appellate court lacked
jurisdiction to address issues that were not cognizable under Rule 25.2(a)(2)) (not designated for
publication).
            In addition, we agree with the State that Juarez failed to preserve his complaint for appeal. 
At a hearing on a motion to reconsider the trial court’s denial of the motion to suppress, the
prosecutor made reference to the two plea deals; however, defense counsel never raised any due
process objection. Because Juarez never made his due process claim in the trial court, the court was
never given the opportunity to either hear evidence or rule on it. Neal v. State, 150 S.W.3d 169, 178
(Tex. Crim. App. 2004). Accordingly, Juarez failed to preserve this complaint for appellate review. 
Id. at 180; McGarity v. State, No. 04-05-00600-CR, 2006 WL 3611719, at *2 (Tex. App.—San
Antonio Dec. 13, 2006, pet. ref’d) (holding prosecutorial vindictiveness claim not preserved where
issue was never raised in trial court) (not designated for publication).
            Juarez’s third point of error is overruled.
Conclusion
            The trial court’s judgment is affirmed.
Catherine Stone, Chief Justice
DO NOT PUBLISH