

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00462-CR

| | | |
|---|---|---|
| Gustavo Ponce | § | From the 432nd District Court |
| | § | of Tarrant County (1270527D) |
| v. | § | January 24, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00462-CR

GUSTAVO PONCE                                                              APPELLANT

V.

THE STATE OF TEXAS                                                             STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Gustavo Ponce attempts to appeal his third-degree felony conviction, pursuant to a plea bargain, for evading arrest in a vehicle.[2] On June 6, 2012, appellant received written plea admonishments, waived his constitutional and statutory rights, judicially confessed, and pled guilty. The trial court convicted him of evading arrest in a vehicle and sentenced him to three

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 38.04(a), (b)(2)(A) (West Supp. 2012).

2

years' confinement. On the same day, the trial court signed a certification of appellant's right to appeal, which appellant and his trial counsel also signed. The certification states that appellant entered into a plea bargain, has "NO right of appeal," and has waived his right to appeal. Nonetheless, appellant brought this appeal.

Through a letter, we notified appellant of the contents of the certification and stated that we would dismiss the appeal unless he filed a response showing grounds for continuing it. *See* Tex. R. App. P. 25.2(a)(2), (d). We have received a response, but it does not contain appropriate grounds for continuing an appeal from this plea-bargained case. *See* Tex. R. App. P. 25.2(a)(2) (stating that a defendant who enters into a plea bargain may appeal only when the trial court gives permission or when the appeal concerns matters raised by written motion filed and ruled on before trial); *Chavez v. State*, 183 S.W.3d 675, 679–80 (Tex. Crim. App. 2006) (concluding that a defendant must raise even a jurisdictional issue in a pretrial motion or receive permission from the trial court that accepted the plea bargain in order to bring the issue on appeal).[3] Therefore, in accordance with the trial court's certification, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d) ("The appeal must be dismissed if a certification that shows

---

[3]In appellant's response to our letter, without addressing the language of rule 25.2(a)(2), he complains about issues, such as the voluntariness of his plea, that were not raised by a written motion before trial and are therefore not appealable. *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); *Turley v. State*, 242 S.W.3d 178, 179 & n.4 (Tex. App.—Fort Worth 2007, no pet.) (mem. op.).

the defendant has the right of appeal has not been made part of the record under these rules."), 43.2(f); *Chavez*, 183 S.W.3d at 680; *Jackson v. State*, 168 S.W.3d 239, 243 (Tex. App.—Fort Worth 2005, no pet.).

PER CURIAM

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 24, 2013

4