02-02-462-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00462-CR

 

 


 
 
 Gustavo
 Ponce
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 432nd District
 Court
  
 of
 Tarrant County (1270527D)
  
 January
 24, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

          This
court has considered the record on appeal in this case and holds that the
appeal should be dismissed.  It is ordered that the appeal is dismissed.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

PER CURIAM

 

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00462-CR

 

 


 
 
 Gustavo Ponce
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 432nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Gustavo Ponce attempts to appeal his third-degree felony conviction, pursuant
to a plea bargain, for evading arrest in a vehicle.[2] 
On June 6, 2012, appellant received written plea admonishments,
waived his constitutional and statutory rights, judicially confessed, and pled
guilty.  The trial court convicted him of evading arrest in a vehicle and
sentenced him to three years’ confinement.  On the same day, the trial court
signed a certification of appellant’s right to appeal, which appellant and his
trial counsel also signed.  The certification states that appellant entered
into a plea bargain, has “NO right of appeal,” and has waived his right to
appeal.  Nonetheless, appellant brought this appeal.

          Through
a letter, we notified appellant of the contents of the certification and stated
that we would dismiss the appeal unless he filed a response showing grounds for
continuing it.  See Tex. R. App. P. 25.2(a)(2), (d).  We have received a
response, but it does not contain appropriate grounds for continuing an appeal
from this plea-bargained case.  See Tex. R. App. P. 25.2(a)(2) (stating
that a defendant who enters into a plea bargain may appeal only when the trial
court gives permission or when the appeal concerns matters raised by written
motion filed and ruled on before trial); Chavez v. State, 183 S.W.3d
675, 679–80 (Tex. Crim. App. 2006) (concluding that a defendant must raise even
a jurisdictional issue in a pretrial motion or receive permission from the
trial court that accepted the plea bargain in order to bring the issue on
appeal).[3]  Therefore, in accordance
with the trial court’s certification, we dismiss this appeal.  See Tex.
R. App. P. 25.2(d) (“The appeal must be dismissed if a certification that shows
the defendant has the right of appeal has not been made part of the record
under these rules.”), 43.2(f); Chavez, 183 S.W.3d at 680; Jackson v.
State, 168 S.W.3d 239, 243 (Tex. App.—Fort Worth 2005, no pet.).

 

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 24, 2013









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 38.04(a), (b)(2)(A) (West Supp. 2012).





[3]In appellant’s response to
our letter, without addressing the language of rule 25.2(a)(2), he complains
about issues, such as the voluntariness of his plea, that were not raised by a
written motion before trial and are therefore not appealable.  See Cooper v.
State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001); Turley v. State, 242
S.W.3d 178, 179 & n.4 (Tex. App.—Fort Worth 2007, no pet.) (mem. op.).