**MODIFY and AFFIRM; and Opinion Filed July 26, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00557-CR

**ANTONIO JACKSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-80497-2018**

# MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Osborne

On June 5, 2019, this Court issued its memorandum opinion affirming as modified the trial court's judgment. On June 6, 2019, Antonio Jackson filed a motion for rehearing. We deny the motion for rehearing. Also, we withdraw our June 5, 2019 memorandum opinion and vacate the judgment of that date. This is now the opinion of the Court.

Jackson appeals the trial court's judgment convicting him of driving while intoxicated. Jackson pleaded nolo contendere and the trial court assessed his punishment at five days of confinement. In one issue on appeal, Jackson argues the trial court erred when it denied his motion to suppress. We conclude the trial court did not err. Also, we modify the judgment to reflect the correct plea to the offense. The trial court's final judgment is affirmed as modified.

# I. FACTUAL AND PROCEDURAL CONTEXT

At approximately 10:55 p.m., Officer Robert Harmon of the Plano Police Department was dispatched to a disturbance at a Kroger store in Plano, Texas. The dispatcher advised Officer Harmon that a caller, who identified himself as the assistant manager at the Kroger store, had advised that a black male wearing a black shirt and black pants had placed empty beer bottles into a shopping cart and he believed that the man was intoxicated and had consumed those beers prior to entering the store. The caller also stated that, while inside the store, the man had threatened another customer by stating "Wait until you come out to the parking lot." The dispatcher advised that the man left the store and got into the driver's seat of a white, single-cabin Ford truck and there were a total of two occupants in the vehicle. Officer Harmon arrived at the Kroger store at approximately 10:57 p.m. and the dispatcher stated that the man was sitting in his truck facing the front of the store. As he drove into the parking lot, Officer Harmon saw a white truck facing the entrance to the Kroger store with a black male in the driver's seat, matching the description provided by the dispatcher. When Officer Harmon drove closer to the truck, it began to leave. At that point, Officer Harmon initiated a traffic stop.

Jackson was charged by information with the offense of driving while intoxicated. He filed a motion to suppress the evidence arguing, in part, Officer Harmon lacked reasonable suspicion to detain him. After a hearing, the trial court denied Jackson's motion to suppress. Jackson pleaded nolo contendere to the offense and the trial court assessed his punishment at five days of confinement.

# II. MOTION TO SUPPRESS

In issue one, Jackson argues the trial court erred when it denied his motion to suppress. He claims that the trial court's findings of fact are not supported by the record. Also, Jackson argues the trial court's conclusions of law are incorrect because the officer did not have reasonable

suspicion to stop him. The State responds that the officer had reasonable suspicion because the 9-1-1 caller's information was corroborated by and reliable based on Officer Harmon's contemporaneous investigation.

### A. Standard of Review

In reviewing a trial court's ruling on a motion to suppress, an appellate court applies a bifurcated standard of review. *See Wilson v. State*, 311 S.W.3d 452, 457–58 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). An appellate court gives almost total deference to the trial court's determination of historical facts, but conducts a de novo review of the trial court's application of the law to those facts. *See Wilson*, 311 S.W.3d at 458; *Carmouche*, 10 S.W.3d at 327. As the sole trier of fact during a suppression hearing, a trial court may believe or disbelieve all or any part of a witness's testimony. *See Wilson*, 311 S.W.3d at 458; *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). An appellate court examines the evidence in the light most favorable to the trial court's ruling. *See Wilson*, 311 S.W.3d at 458; *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). A trial court will abuse its discretion only if it refuses to suppress evidence that is obtained in violation of the law and that is inadmissible under Texas Code Criminal Procedure article 38.23. *See Wilson*, 311 S.W.3d at 458.

Where the trial court has made express findings of fact, an appellate court views the evidence in the light most favorable to those findings and determines whether the evidence supports the fact findings. *See State v. Rodriguez*, 521 S.W.3d 1, 8 (Tex. Crim. App. 2017); *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). An appellate court then proceeds to a de novo determination of the legal significance of the facts and will sustain the trial court's ruling if it is correct on any theory of law applicable to the case. *See Rodriguez*, 521 S.W.3d at 8; *Valtierra*, 310 S.W.3d at 447.

### B. Applicable Law

A police officer may make a warrantless stop on reasonable suspicion of a traffic violation. *See Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2016); *Derichsweiler v. State*, 348 S.W.3d 906, 913–14 (Tex. Crim. App. 2011). The reasonable suspicion standard requires only "some minimal level of objective justification" for the stop and disregards an officer's actual subjective intent. *See United States v. Sokolow*, 490 U.S. 1, 7 (1989); *Brodnex v. State*, 485 S.W.3d 432, 437 (Tex. Crim. App. 2016).

A police officer has reasonable suspicion if he has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to believe that the person detained is, has been, or soon will be engaged in criminal activity. *See Brodnex*, 485 S.W.3d at 437; *Jaganathan*, 479 S.W.3d at 247; *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013). These articulable facts must amount to more than a mere hunch or suspicion. *See Brodnex*, 485 S.W.3d at 437; *Abney*, 394 S.W.3d at 548. However, a law enforcement officer may rely on a citizen informant instead of on the officer's own personal observation to form the requisite reasonable suspicion if: (1) the informant is reliable; and (2) the officer can corroborate the information supplied by the informant. *See Brother v. State*, 166 S.W.3d 255, 257–58 (Tex. Crim. App. 2005); *Turley v. State*, 242 S.W.3d 178, 181 (Tex. App.–Fort Worth 2007, no pet.) (per curiam) (mem. op.). Information provided to police by a citizen who identifies himself and may be held to account for the accuracy and veracity of his report is regarded as reliable. *See Derichsweiler*, 348 S.W.3d at 914–15. Corroboration means that the officer confirms enough facts to conclude reasonably, in light of the circumstances, that the information provided is reliable and a detention is justified. *See Alabama v. White*, 496 U.S. 325, 330–31 (1990); *Derichsweiler*, 348 S.W.3d at 915; *Brother*, 166 S.W.3d at 259 n.5; *Turley*, 242 S.W.3d at 181.

However, the State does not have to establish with absolute certainty that a crime occurred. *See Abney*, 394 S.W.3d at 548. Similarly, the State does not have to prove every element of a specific offense or show that a traffic offense was actually committed, but only that the officer reasonably believed a violation was in progress. *See Tex. Dep't of Pub. Safety v. Fisher*, 56 S.W.3d 159, 163 (Tex. App.–Dallas 2001, no pet.); *Tex. Dep't Pub. Safety v. Axt*, 292 S.W.3d 736, 739 (Tex. App.–Fort Worth 2009, no pet.). Rather, the State just has to carry its burden of proving that, under the totality of the circumstances, the seizure was reasonable. *See Abney*, 394 S.W.3d at 548; *Derichsweiler*, 348 S.W.3d at 914.

### C. Application of the Law to the Facts

First, we address Jackson's argument that the trial court's findings of fact nos. 3, 7, and 9 are not supported by the record. Specifically, Jackson challenges the following findings of fact:

3.　　Dispatch ***advised*** that a black male wearing a black shirt and black pants had placed beer empty [sic] bottles in a shopping cart. The known caller ***advised*** []he believed the male drank the beers prior to entering the store and may be intoxicated.

7.　　Officer Harmon ***testified*** that as he pulled into the parking lot, he located a white Ford truck with a black male in the driver seat matching the description and that the truck was facing the Kroger entrance.

9.　　***Believing*** at this point that the male inside the truck was the suspect that was threatening customers in the store, Officer Harmon initiated a traffic stop.

(Emphasis added.)

During the hearing on Jackson's motion to suppress, Officer Harmon testified that "[he] was dispatched to a disturbance at the Kroger on 14th Street. The note stated that a black male wearing a black shirt and black shorts–or black pants had put a–placed some glass bottles in the shopping cart." Jackson offered and the trial court admitted the call log for the incident, which shows that the caller believed the man had possibly consumed the beer in the truck. Further, Officer Harmon testified it was possible the man had consumed the beer in the truck. He also stated that "[he] pulled into the store and [he] saw a white pickup to the left of the entrance, facing

–5–

the store." A video recording from Officer Harmon's vehicle also shows the white pickup truck parked outside of the Kroger store as described by Officer Harmon's testimony. Further, Officer Harmon testified that he made the decision to investigate because "the male that was in there had placed the glass beer bottles in the shopping cart and then had been in an argument with another customer facing the store. So [he] didn't know if there was some kind of continued threat or if they had been intoxicated."

After reviewing the record, in accordance with the applicable standard, we conclude the trial court did not abuse its discretion because the evidence supports the trial court's factual rendition.

Second, we address Jackson's argument that the trial court's conclusions of law are incorrect because the officer did not have reasonable suspicion to stop him. Jackson contends that the caller was an unknown person so his information lacked reliability and Officer Harmon did not corroborate the identifying facts before detaining him. Specifically, Jackson challenges the following written conclusions of law:

> 1. Based on the totality of the circumstances, evidence produced and corroborating observations articulated by Officer Harmon, Officer Harmon had reasonable suspicion to initiate a traffic stop of [Jackson] in order to detain him to further investigate a potential criminal offense.
>
> 2. The detention of [Jackson] was lawful.

Contrary to Jackson's contention, the caller in this case was not anonymous. The call log, which was admitted into evidence by Jackson, shows that prior to Officer Harmon's detention of Jackson, the caller identified himself as the assistant manager of the Kroger store.[1] As a result, the

---

[1] Jackson contends that the identity of the caller was not relayed to Officer Harmon until approximately 30 seconds after Officer Harmon stopped him and checked his license plate. He points to the times on the dispatcher's call log and Officer Harmon's dash camera, and Officer Harmon's testimony that he had already stopped Jackson when he checked his license plate. Jackson does not contend that the dispatcher did not know the identity of the caller before the stop and acknowledges that any information known to the police dispatcher is imputed to the detaining officer. *See Derichsweiler*, 348 S.W.3d at 914–15 (information known to the dispatcher is imputed to the detaining officer). The record shows, in part, that: (1) the clocks on the dispatcher's call log and Officer Harmon's dash camera were not synchronized; (2) the caller remained on the line with the dispatcher and continued to provide contemporaneous information about what was happening at the scene; and (3) Officer Harmon also testified that "[t]here's sometimes a delay between the [dispatcher] and the caller to [him]," the whole event was "fluid," and he "cop[ies]" the license plate as soon as he can read it, but "[i]t doesn't mean [he] has to be stopped".

–6–

officer knew the caller's job title and place of employment and the caller was in a position to be held accountable for the accuracy and veracity of his information. *See Derichsweiler*, 348 S.W.3d at 914–15 (information provided to police by citizen who identifies himself and may be held accountable for accuracy and veracity of his report is regarded as reliable); *Turley*, 242 S.W.3d at 181–82 (caller who provided first name, location of where she was calling from, and name of her workplace was reliable). Further, the record shows that Officer Harmon corroborated the caller's information before detaining Jackson. The record shows that Officer Harmon testified and the video recording from his vehicle shows that when he arrived at the Kroger store's parking lot, he saw a truck and man matching the description provided by the caller to the dispatcher. Therefore, Officer Harmon was able to corroborate the caller's descriptions of the location, vehicle, and man. In light of the circumstances, these were enough corroborating facts for the caller's information to be reliable and to justify Officer Harmon's detention of Jackson. Accordingly, we conclude the trial court did not err when it concluded there was reasonable suspicion for Officer Harmon to stop Jackson.

We conclude the trial court did not err when it denied Jackson's motion to suppress. Issue one is decided against Jackson.

### III. MODIFICATION OF THE JUDGMENT

Although neither party raises the issue, we observe that the final judgment incorrectly lists Jackson's plea to the offense. The record shows that Jackson pleaded nolo contendere to the offense of driving while intoxicated. However, the judgment's heading states "JUDGMENT – PLEA OF GUILTY BEFORE COURT – FINAL CONVICTION" and in the body of the judgment it states that Jackson "pleaded Guilty or Nolo Contendere to the information." An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28

(Tex. Crim. App. 1993) (en banc); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex .App.—Dallas 1991, pet. ref'd). We conclude the trial court's final judgment should be modified to state the correct plea to the offense. *See* R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30. Accordingly, the judgment is modified as follows: (1) the heading of the final judgment that reads "JUDGMENT – PLEA OF GUILTY BEFORE COURT – FINAL CONVICTION" is modified to read "JUDGMENT – PLEA OF NOLO CONTENDERE BEFORE COURT – FINAL CONVICTION"; and (2) the portion of the final judgment that reads "the defendant pleaded Guilty or Nolo Contendere to the information" is modified to read "the defendant pleaded Nolo Contendere to the information."

## IV. CONCLUSION

The trial court did not err when it denied Jackson's motion to suppress. Further, we modify the judgment to reflect the correct plea to the offense.

The trial court's final judgment is affirmed as modified. *See* TEX. R. APP. P. 43.2(b).

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

180557F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO JACKSON, Appellant

No. 05-18-00557-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas
Trial Court Cause No. 005-80497-2018.
Opinion delivered by Justice Osborne.
Justices Schenck and Reichek participating.

Based on the Court's opinion of this date, we **WITHDRAW** our opinion of June 5, 2019, and **VACATE** the judgment of that date. This is now the judgment of the court.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1)    the heading of the final judgment that reads "JUDGMENT – PLEA OF GUILTY BEFORE COURT – FINAL CONVICTION" is modified to read "JUDGMENT – PLEA OF NOLO CONTENDERE BEFORE COURT – FINAL CONVICTION"; and

(2)    the portion of the final judgment that reads "the defendant pleaded Guilty or Nolo Contendere to the information" is modified to read "the defendant pleaded Nolo Contendere to the information."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 26th day of July, 2019.