Phounay BOUNHARITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–00–00030–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 2, 2000.

Decided Aug. 2, 2000.

---

John Stephen Morgan, Beaumont, for appellant.

Wayln G. Thompson, Asst. Dist. Atty., Beaumont, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Phounay Bounharith appeals from an order of the trial court placing him on deferred adjudication. Pursuant to a plea agreement, Bounharith pleaded guilty to forgery, a state jail felony offense, and was placed on three years of community supervision. As one of the terms of community supervision, the trial court ordered Bounharith to successfully complete the Jefferson County Sheriff's Department Boot Camp and Positive Production Program.

Bounharith contends that because the state jail felony statute only authorizes a maximum two-year sentence, the court erred by placing him on community supervision for three years. He also argues that he did not agree to attend the boot camp program as a term of his community supervision, and that such a requirement could not be a term of community supervision because it is disallowed by statute. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 8(a)(3) (Vernon Supp.2000).

A defendant may enter a plea agreement for deferred adjudication and appeal that order in the same manner as he would in an ordinary probation case. *Feagin v. State*, 967 S.W.2d 417, 419 n. 2 (Tex.Crim.App.1998). The defendant must, however, still comply with the restrictions on appeals set out in TEX.R.APP. P. 25.2(b)(3). By those restrictions he is limited to appealing jurisdictional defects, with the trial court's permission, or rulings on pretrial motions. *Id.; Kirk v. State*, 942 S.W.2d 624, 625 (Tex.Crim.App.1997). An exception permits a defendant in these circumstances to also attack the voluntariness of his guilty plea. *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996).

Bounharith does not attack the voluntariness of his plea, does not attack the jurisdiction of the court or rulings on pretrial motions, and did not obtain permission of the trial court to appeal. In these circumstances we have no jurisdiction to consider his appeal.

Nevertheless, Bounharith urges that because his period of community supervision exceeds the maximum punishment of two years' confinement for the offense charged against him, the order placing him on deferred adjudication is a void "sentence" and he is permitted to appeal that order. We disagree.

The case of *Speth v. State*, 6 S.W.3d 530 (Tex.Crim.App.1999), controls this issue. In that case the Texas Court of Criminal Appeals held that an order placing a defendant on community supervision is not a sentence, but is a contract between the defendant and the court. If the defendant does not object to a term of that contract when it is entered into, the defendant may not complain of that term for the first time on appeal. Bounharith made no objection to the term of his community supervision. Thus, his appeal does not come within one of the permissible appellate avenues, and we cannot entertain his appeal.

The appeal is dismissed.