NO. 07-02-0406-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 27, 2004



______________________________




TIMOTHY LEE PHILLIPS, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 39,434-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following appellant Timothy Lee Phillips, Jr.'s guilty plea pursuant to a plea bargain
to the state jail felony offense of burglary of a building, the trial court deferred a finding of
guilt and placed him on community supervision for six years. When the State filed a
Motion to Proceed with Adjudication of Guilt, appellant, this time without the benefit of a
plea bargain, pleaded true to a number of the allegations contained in the motion. The trial
court then found the allegations to be true, adjudicated appellant guilty, and assessed as
punishment a sentence of two years confinement. Presenting three issues, appellant
maintains he was harmed by the imposition of a probationary period that exceeded the
range authorized by law, and the trial court 's failure to admonish him properly rendered
his plea involuntary and violative of his due process rights. We dismiss for want of
jurisdiction.

 On February 8, 1999, appellant pleaded guilty to the charge in this case, along with
another for aggravated assault. (1) The trial court heard the pleas simultaneously with
another criminal defendant's guilty plea to a state jail felony offense of possession of a
controlled substance. During the plea proceedings, the trial court jointly admonished the
two defendants about the range of punishment for a state jail felony, including the potential
for the imposition of a probationary period ranging from two to five years. The Court also
supplied appellant with written plea admonishments reflecting the same range. Addressing
the aggravated assault charge, the trial court advised appellant that the range of
punishment for a second degree felony was from two to twenty years imprisonment and
up to a $10,000 fine. After appellant acknowledged his understanding of the punishment
range applicable to each of his cases, the trial court, following the plea bargain
recommended by the State, placed appellant on six years deferred adjudication community
supervision on each case. Appellant did not appeal from the imposition of that deferred
adjudication. 

 For the first time, appellant, having now been adjudicated guilty and sentenced to
a term in state jail, presents three issues challenging the length of the underlying deferred
adjudication and the voluntariness of his guilty plea. In response, the State maintains this
Court lacks jurisdiction to consider the issues. We agree. When the adjudication of an
accused's guilt is deferred and the individual is placed on community supervision,
complaints involving the original plea proceeding must be raised on appeal immediately
after deferred adjudication is imposed. Nix v. State, 65 S.W.3d 664, 667 (Tex.Cr.App.
2001). The only exception to that rule is in the very rare situation in which the original order
deferring adjudication is void. Id. at 667-68. A judgment may be void when: (1) the
charging instrument is fundamentally defective; (2) the trial court lacks subject matter
jurisdiction over the offense charged; (3) the record reflects there is no evidence to support
the conviction; or (4) an indigent defendant is required to face criminal trial proceedings
without appointed counsel, when he did not waive his right to the appointment of counsel. 
Id. at 668. Here, appellant has failed to allege an error that could render the original order
deferring adjudication void. Thus, the "void judgment" exception to the general rule
regarding appeals from deferred adjudication community supervision does not apply.

 Regarding appellant's assertion under issue one, we observe that he did not
challenge the length of community supervision at the time the trial court deferred the
adjudication of his guilt. As a result, we have no jurisdiction to entertain his complaint in
that regard at this point. See Bounharith v. State, 28 S.W.3d 51, 52 (Tex.App.-Texarkana
2000, no pet.) (where defendant failed to challenge the length of his probation immediately
after the imposition of probation, appellate court had no jurisdiction to hear his complaint
on appeal following adjudication that the original probation order was void), citing Speth
v. State, 6 S.W.3d 530 (Tex.Cr.App. 1999). Additionally, as to appellant's assertion that
the trial court's failure to admonish him properly on the range of punishment rendered his
plea involuntary, we note that the voluntariness of a negotiated guilty plea may no longer
be appealed. See Cooper v. State, 45 S.W.3d 77, 81 (Tex.Cr.App. 2001). Finally,
assuming arguendo that the trial court improperly admonished appellant about the range
of punishment, that error is nonconstitutional and, therefore, does not implicate due
process considerations. See Aguirre-Mata v. State, No. 2115-00, slip op. at 2, 2003 WL
21077447, at *1 (Tex.Cr.App. May 14, 2003). Hence, we have no authority to consider any
of appellant's three issues.

 Accordingly, the appeal is dismissed for want of jurisdiction.


 Don H. Reavis

 Justice


Do not publish.
1. This Court dismissed for want of jurisdiction the appeal from the aggravated assault
charge in August of 2003. Thus, the only case before us today is the one involving
appellant's conviction for burglary of a building.




a running chain saw at him. It was the presence of the chain saw, and its very close
proximity to Tolley's body, that instilled fear in Tolley and made him feel threatened with
bodily injury. Gaston, 672 S.W.2d at 821. Thus, appellant's acts, coupled with the
surrounding circumstances, lead us to conclude that a rational trier of fact could have
concluded that appellant's intent was to threaten Tolley with imminent bodily injury by use
of a deadly weapon. See Hernandez, 819 S.W.2d at 810. 

 Appellant claims the inconsistencies in the State's witnesses' testimony cast doubt
on the State's proof of his intent to threaten to cause bodily injury. (3) To the extent the
testimony is inconsistent, however, the trial court, as fact finder in this case, had the
ultimate authority to determine the credibility of the witnesses and the weight to be given
their testimony. See Jones v. State, 944 S.W.2d 642, 647-48 (Tex.Cr.App. 1996), cert.
denied, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). We resolve any
inconsistencies in the evidence in favor of the verdict. Moreno v. State, 755 S.W.2d 866,
867 (Tex.Cr.App. 1988). Therefore, the inconsistencies cited by appellant do not render
the evidence legally insufficient. Appellant's sole point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.

1. Appellant couches his point of error and argument in terms of "no evidence" or legal
insufficiency; however, he concludes his argument by citing the factual sufficiency standard
of review. See Johnson v. State, 23 S.W.2d 1, 11 (Tex.Cr.App. 2000). Because the
concluding paragraph contains the only reference to factual insufficiency in appellant's
brief, and because appellant prays for a reversal of the judgment and entry of acquittal--the
remedy for an appellate court's finding of legal insufficiency--we address only the no
evidence point.
2. Contrary to appellant's assertion, it is not significant that neither the shirt nor the
chain saw were admitted into evidence at trial. Appellant admitted he had a chain saw at
the crime scene. Furthermore, a number of witnesses provided vivid descriptions of the
chain saw's cutting mechanism. Admission of the chain saw itself would merely have been
cumulative of that testimony. And while the admission of the shirt at trial would have
definitively answered the question of whether or not the chain saw cast an oil mark on it,
the shirt's absence was merely a factor for the trial court to consider in assessing the
strength of the State's case. 
3. In his brief, appellant noted several inconsistencies. First, Boykin claimed Tolley
was wearing a white shirt, while Tolley testified he was wearing a gray one with his and his
company's name on it. Additionally, Boykin told the trial court Tolley and appellant were
"wrestling for the saw" and Tolley "snatched the saw away from him." On the other hand,
Tolley averred the other men who were working on the job site split appellant and him apart
and got the chain saw away from appellant. Appellant also notes there was disagreement
between the witnesses as to whether or not the saw was actually running when he turned
it on Tolley.