NO. 07-02-0406-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 27, 2004

_____


TIMOTHY LEE PHILLIPS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 39,434-B; HONORABLE JOHN BOARD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following appellant Timothy Lee Phillips, Jr.'s guilty plea pursuant to a plea bargain to the state jail felony offense of burglary of a building, the trial court deferred a finding of guilt and placed him on community supervision for six years. When the State filed a Motion to Proceed with Adjudication of Guilt, appellant, this time without the benefit of a

plea bargain, pleaded true to a number of the allegations contained in the motion. The trial court then found the allegations to be true, adjudicated appellant guilty, and assessed as punishment a sentence of two years confinement. Presenting three issues, appellant maintains he was harmed by the imposition of a probationary period that exceeded the range authorized by law, and the trial court 's failure to admonish him properly rendered his plea involuntary and violative of his due process rights. We dismiss for want of jurisdiction.

On February 8, 1999, appellant pleaded guilty to the charge in this case, along with another for aggravated assault.[1] The trial court heard the pleas simultaneously with another criminal defendant's guilty plea to a state jail felony offense of possession of a controlled substance. During the plea proceedings, the trial court jointly admonished the two defendants about the range of punishment for a state jail felony, including the potential for the imposition of a probationary period ranging from two to five years. The Court also supplied appellant with written plea admonishments reflecting the same range. Addressing the aggravated assault charge, the trial court advised appellant that the range of punishment for a second degree felony was from two to twenty years imprisonment and up to a $10,000 fine. After appellant acknowledged his understanding of the punishment range applicable to each of his cases, the trial court, following the plea bargain

---

[1]This Court dismissed for want of jurisdiction the appeal from the aggravated assault charge in August of 2003. Thus, the only case before us today is the one involving appellant's conviction for burglary of a building.

2

recommended by the State, placed appellant on six years deferred adjudication community supervision on each case. Appellant did not appeal from the imposition of that deferred adjudication.

For the first time, appellant, having now been adjudicated guilty and sentenced to a term in state jail, presents three issues challenging the length of the underlying deferred adjudication and the voluntariness of his guilty plea. In response, the State maintains this Court lacks jurisdiction to consider the issues. We agree. When the adjudication of an accused's guilt is deferred and the individual is placed on community supervision, complaints involving the original plea proceeding must be raised on appeal immediately after deferred adjudication is imposed. Nix v. State, 65 S.W.3d 664, 667 (Tex.Cr.App. 2001). The only exception to that rule is in the very rare situation in which the original order deferring adjudication is void. *Id*. at 667-68. A judgment may be void when: (1) the charging instrument is fundamentally defective; (2) the trial court lacks subject matter jurisdiction over the offense charged; (3) the record reflects there is no evidence to support the conviction; or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when he did not waive his right to the appointment of counsel. *Id*. at 668. Here, appellant has failed to allege an error that could render the original order deferring adjudication void. Thus, the "void judgment" exception to the general rule regarding appeals from deferred adjudication community supervision does not apply.

Regarding appellant's assertion under issue one, we observe that he did not challenge the length of community supervision at the time the trial court deferred the adjudication of his guilt. As a result, we have no jurisdiction to entertain his complaint in that regard at this point. *See* Bounharith v. State, 28 S.W.3d 51, 52 (Tex.App.–Texarkana 2000, no pet.) (where defendant failed to challenge the length of his probation immediately after the imposition of probation, appellate court had no jurisdiction to hear his complaint on appeal following adjudication that the original probation order was void), *citing* Speth v. State, 6 S.W.3d 530 (Tex.Cr.App. 1999). Additionally, as to appellant's assertion that the trial court's failure to admonish him properly on the range of punishment rendered his plea involuntary, we note that the voluntariness of a negotiated guilty plea may no longer be appealed. *See* Cooper v. State, 45 S.W.3d 77, 81 (Tex.Cr.App. 2001). Finally, assuming *arguendo* that the trial court improperly admonished appellant about the range of punishment, that error is nonconstitutional and, therefore, does not implicate due process considerations. *See* Aguirre-Mata v. State, No. 2115-00, slip op. at 2, 2003 WL 21077447, at *1 (Tex.Cr.App. May 14, 2003). Hence, we have no authority to consider any of appellant's three issues.

Accordingly, the appeal is dismissed for want of jurisdiction.


Don H. Reavis
Justice

Do not publish.