ACCEPTED
01-15-00116-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/4/2015 2:14:28 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00116-CR

In the
Court of Appeals
For the
First District of Texas
At Houston

————————◆————————

## No. 1447517

In the 262nd District Court
Of Harris County, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

11/4/2015 2:14:28 PM

CHRISTOPHER A. PRINE
Clerk

————————◆————————

# WILLIAM CORMAC QUINN

*Appellant*

V.

# THE STATE OF TEXAS

*Appellee*

————————◆————————

# STATE'S APPELLATE BRIEF

————————◆————————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
TBC No. 796910
kugler_eric@dao.hctx.net

**GILBERT SAWTELLE**
**JAMIE MORRISON**
Assistant District Attorneys
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel: (713) 274-5826
FAX: (713) 755-5809

*Counsel for Appellee*

ORAL ARGUMENT REQUESTED ONLY IF GRANTED TO APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39, the State requests oral argument only if oral argument is granted to the appellant.

## IDENTIFICATION OF THE PARTIES

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Eric Kugler** — Assistant District Attorney on appeal

**Gilbert Sawtelle; Jamie Morrison** — Assistant District Attorneys at trial

Appellant or criminal defendant:

**William Cormac Quinn**

Counsel for Appellant:

**John Cossum** — Counsel at trial and on appeal

Trial Judge:

**Hon. Denise Bradley** — Presiding Judge

i

# TABLE OF CONTENTS

**Page**

STATEMENT REGARDING ORAL ARGUMENT ..................................................i

IDENTIFICATION OF THE PARTIES ....................................................................i

INDEX OF AUTHORITIES................................................................................. iii

STATEMENT OF THE CASE...............................................................................1

STATEMENT OF FACTS .....................................................................................1

REPLY TO APPELLANT'S FIRST POINT OF ERROR........................................2

Deputy Abram had a reasonable suspicion to investigate a possible law infraction when he could not see the appellant's turn signal at distances of fifty and three hundred feet behind the appellant's vehicle. .........................................4

REPLY TO APPELLANT'S SECOND POINT OF ERROR..................................7

A. The trial court did not give the appellant permission to appeal, and he did not raise the exclusion of his homemade video in a written motion......................9

B. The trial court did not abuse its discretion by excluding the appellant's homemade video because it was both irrelevant and substantially more prejudicial than probative.................................................................................11

C. The appellant cannot show that he was harmed by the exclusion of his homemade video when the deputy's dash-cam video was admitted into evidence. 13

CONCLUSION ...................................................................................................16

CERTIFICATE OF SERVICE AND COMPLIANCE ...........................................16

# INDEX OF AUTHORITIES

**CASES**

*Alabama v. White*,
  496 U.S. 325 (1990) ...................................................................................4

*Amador v. State*,
  275 S.W.3d 872 (Tex. Crim. App. 2009).................................................6

*Bounharith v. State*,
  28 S.W.3d 51 (Tex. App.—
  Texarkana 2000, no pet.)...........................................................................10

*Carmouche v. State*,
  10 S.W.3d 323 (Tex. Crim. App. 2000).....................................................4

*Castro v. State*,
  227 S.W.3d 737 (Tex. Crim. App. 2007)....................................................6

*Coffin v. State*,
  885 S.W.2d 140 (Tex. Crim. App. 1994).....................................................8

*Davis v. State*,
  329 S.W.3d 798 (Tex. Crim. App. 2010).....................................................12

*Ford v. State*,
  158 S.W.3d 488 (Tex. Crim. App. 2005)................................................4, 6

*Garcia v. State*,
  827 S.W.2d 937 (Tex. Crim. App. 1992).....................................................4

*Gigliobianco v. State*,
  210 S.W.3d 637 (Tex. Crim. App. 2006).....................................................12

*Green v. State*,
  934 S.W.2d 92 (Tex. Crim. App. 1996).......................................................8

*Guzman v. State*,
  955 S.W.2d 85 (Tex. Crim. App. 1997)...................................................3, 8

*Hippolite v. State*,
  No. 01–09–00569–CR, 2010 WL 2133887 (Tex. App.–
  Houston [1st Dist.] May 27, 2010, no pet.).................................................7

*Johnson v. State*,
   967 S.W.2d 410 (Tex. Crim. App. 1998)................................................................14

*King v. State*,
   953 S.W.2d 266 (Tex. Crim. App. 1997)................................................................14

*Montgomery v. State*,
   810 S.W.2d 372 (Tex. Crim. App. 1990)................................................................11

*Morales v. State*,
   32 S.W.3d 862 (Tex. Crim. App. 2000).................................................................15

*Moreno v. State*,
   341 S.W.2d 455 (1961) ............................................................................................4, 9

*Motilla v. State*,
   78 S.W.3d 352 (Tex. Crim. App. 2002).................................................................14

*Nichols v. State*,
   12-14-00287-CR, 2015 WL 5139359 (Tex. App.—
   Tyler Sept. 2, 2015, no. pet. h.) ...........................................................................5

*Pawlak v. State*,
   420 S.W.3d 807 (Tex. Crim. App. 2013)................................................................12

*Perez v. State*,
   4 S.W.3d 305 (Tex. App.—
   Houston [1st Dist.] 1999, no pet.) .......................................................................10

*Romero v. State*,
   800 S.W.2d 539 (Tex. Crim. App. 1990)................................................................4, 9

*Spann v. State*,
   448 S.W.2d 128 (Tex. Crim. App. 1969)................................................................4, 9

*Turley v. State*,
   242 S.W.3d 178 (Tex. App.—
   Fort Worth 2007, no pet.) ......................................................................................9

*United States v. Fields*,
   483 F.3d 313 (5th Cir. 2007)..................................................................................12

*Walter v. State*,
   28 S.W.3d 538 (Tex. Crim. App. 2000)..................................................................4

*Walters v. State*,
   247 S.W.3d 204 (Tex. Crim. App. 2007)................................................................14

*Whren v. United States*,
   517 U.S. 806 (1996) ...................................................................................4

*Young v. State*,
   283 S.W.3d 854 (Tex. Crim. App. 2009).................................................4, 9

**STATUTES**

TEX. TRANSP. CODE § 547.324(e) (West 2014) ................................................. 5, 15

**RULES**

TEX. R. APP. P. 25.2(a)(2) .....................................................................................9
TEX. R. APP. P. 39.............................................................................................. i
TEX. R. APP. P. 44.2(b) ......................................................................................14
TEX. R. EVID. 401 ..............................................................................................11

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The appellant was charged with possessing cocaine with intent to deliver it committed on June 3, 2014 (CR – 5-6). He pled "guilty" to the charge, and the trial court sentenced him to two years of deferred adjudication pursuant to the plea agreement on January 20, 2015 (CR – 70). The appellant filed notice of appeal that same day, and the trial court granted the appellant the right to appeal matters raised in a pre-trial motion (CR – 68, 75-77).

## STATEMENT OF FACTS

On June 3, 2014, James Abram with the Harris County Constable, Precinct 4, was on patrol in the Atascocita area of Harris County when he saw the appellant driving a car without a completely visible turn signal (RR. II – 12). The appellant changed lanes from the far left lane of the West Lake Houston Parkway into the turning lane near Firesign (RR. II – 13). While the Transportation Code requires that signals be visible for 300 feet, Abram had a difficult time seeing the appellant's signal from a distance of 40 to 50 feet (RR. II – 13-16, 21-22). The appellant's turn signal was not visible in clear daylight (RR. II – 23). He also had

a parking pass hanging from his rearview mirror that was obstructing his view (RR. II – 17).

Abram stopped the appellant's vehicle, and the appellant turned on his hazard lights (RR. II – 16-17). Abram then saw that the lights on the left side of the appellant's car were much fainter than the ones on the right side (RR. II – 16-17). When Abram walked up to the appellant, he smelled marijuana (CR – 10). The appellant's breathing was heavy and erratic (RR. II – 10). His vehicle contained a marijuana grinder, cocaine, and $4,501 in cash (CR – 11).

## **REPLY TO APPELLANT'S FIRST POINT OF ERROR**

The appellant claims in his first point of error that the trial court erred in denying his motion to suppress because he was detained without reasonable suspicion. (App'nt Brf. 11-15). This issue lacks merit because the detaining officer had a reasonable suspicion to investigate a possible law infraction when he could not see the appellant's turn signal at a distance of fifty feet behind the appellant's vehicle and where the turn signal was not visible in normal sunlight from at least 300 feet from the back of the vehicle.

The appellant filed a pre-trial motion to suppress, which alleged that there was no reasonable suspicion to justify his detention because neither the turn-signal strength nor the hanging parking pass constituted an offense (CR – 26-33). The

trial court held a hearing on the motion during which both Deputy Abram and the appellant's father testified (RR. II – 9, 32). The appellant's father stated that he could observe the appellant's turn signal from a distance of 300 feet the day before the suppression hearing and that he made a video of it (RR. II – 35-36).

During argument, the State pointed out that the officer's dash-cam video showed his vantage point at the time of the offense and that the turn signal was not visible from a distance of 50 feet (RR. II – 41) (St. Ex. 1). The trial court then denied the motion to suppress and found that Deputy Abram was credible in his testimony (RR. II – 43). The trial court also found that: "I believe the testimony, or he articulated testimony that indicated that he believed the Defendant had violated the Transportation Code and that the taillight was not visible from a distance of 300 feet. The video supports the conclusion that the officer made." (RR. II – 43-44).

In reviewing a trial court's rulings on a motion to suppress, this Court must give almost total deference to a trial court's determination of historical facts that are supported by the record and to its determination of mixed questions of fact and law that turn on an evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). This Court reviews *de novo* mixed questions of law and fact that do not turn on an evaluation of credibility and demeanor. *See id.* This Court reviews the evidence in the light most favorable to

the trial court's ruling. *See Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000).

If the trial court's ruling regarding a motion to suppress is reasonably supported by the record and is correct under any theory of law applicable to the case, the reviewing court must affirm, even if the trial court gave an incorrect reason for the ruling. *See Young v. State*, 283 S.W.3d 854 (Tex. Crim. App. 2009); *Romero v. State*, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990); *Spann v. State*, 448 S.W.2d 128 (Tex. Crim. App. 1969); *Moreno v. State*, 341 S.W.2d 455 (1961).

> **Deputy Abram had a reasonable suspicion to investigate a possible law infraction when he could not see the appellant's turn signal at distances of fifty and three hundred feet behind the appellant's vehicle.**

A police officer may stop and detain a motorist who commits a traffic violation within the officer's view. *See Whren v. United States*, 517 U.S. 806, 810 (1996); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). In addition, an officer may conduct a temporary detention if the officer has reasonable suspicion to believe that a person is violating the law. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion is dependent upon both the content of the information possessed by the police and its degree of reliability. *See Alabama v. White*, 496 U.S. 325, 330 (1990); *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000).

4

The Transportation Code provides in part that a "turn signal lamp must be visible in normal sunlight at a distance of: (1) at least 500 feet from the front and rear of the vehicle if the vehicle is at least 80 inches wide; and (2) at least 300 feet from the front and rear of the vehicle if the vehicle is less than 80 inches wide." TEX. TRANSP. CODE § 547.324(e) (West 2014). There was no testimony on the width of the appellant's vehicle, but even if it was less than 80 inches wide, his turn signal lamp was still required to be visible in normal sunlight at 300 feet.

Deputy Abram testified that he had a difficult time seeing the appellant's signal from a distance of 40 to 50 feet and that the appellant's turn signal was not visible in clear daylight (RR. II – 13-16, 21-23). Furthermore, the trial court stated that it reviewed Abram's affidavit in ruling on the motion to suppress, and Abram swore in his affidavit that the appellant's "left turn signal was defective because it was not visible in normal sunlight from at least 300 feet from the back of his vehicle." (CR – 24) (RR. II – 5). Therefore, the trial court did not abuse its discretion in denying the appellant's motion to suppress. *See Nichols v. State*, 12-14-00287-CR, 2015 WL 5139359, at *3 (Tex. App.—Tyler Sept. 2, 2015, no. pet. h.) (not designated for publication) ("In the video, Appellant asserted that her low beams, not high beams, were illuminated. Shepherd can be heard agreeing with Appellant's assertion. But at the hearing on the motion to suppress, Shepherd testified that he was one hundred percent certain that Appellant's high beam lights

5

were illuminated when she passed him….The question of whether Appellant's lights were set to high beam can be resolved by an assessment of whether Shepherd's testimony was credible. We defer to the trial court's assessment of the facts before it.").

The appellant cites *Ford* in support of his argument. (App'nt Brf. 14). In that case, a police officer detained Ford on suspicion of driving too closely to the car ahead of him. *Ford*, 158 S.W.3d at 490–91. At the suppression hearing, the officer "only stated that Ford was 'following too close'." *Id.*, 158 S.W.3d at 493. The Court of Criminal Appeals held that, while the trial court could have concluded that the officer genuinely suspected that Ford broke the law, "without specific, articulable facts, a court has no means in assessing whether this opinion was objectively reasonable." *Id*.

But *Ford* does not apply when a police officer supplies specific, articulable facts. *Amador v. State*, 275 S.W.3d 872, 879 (Tex. Crim. App. 2009). Similarly, it does not apply when an officer can objectively determine whether a particular person has violated a criminal statute. *Castro v. State*, 227 S.W.3d 737, 742 (Tex. Crim. App. 2007). As the *Castro* Court explained, "in cases involving offenses such as failure to signal a lane change, a court can determine whether an officer's determination that a driver committed a traffic violation was objectively reasonable without being presented with a detailed account of the officer's

6

observations….Following too closely, speeding, and being intoxicated, can be examples of such subjective determinations. Failure to signal a lane change is not." *Id.*

Likewise, in the present case, having a turn signal that is not visible in normal sunlight at a distance of 300 feet can be determined without a detailed account of the officer's observations.  It is certainly much closer to the offense of failing to signal a lane change than the offense of "following too closely." *Castro*, 227 S.W.3d at 742; *see also Hippolite v. State*, No. 01–09–00569–CR, 2010 WL 2133887, at *3 (Tex. App.–Houston [1st Dist.] May 27, 2010, no pet.) (not designated for publication) (affirming constitutionality of warrantless turning-without-signaling traffic stop when officer saw defendant turn without signaling). The trial court did not abuse its discretion in denying the appellant's motion to suppress, and his first point of error should be overruled.


## REPLY TO APPELLANT'S SECOND POINT OF ERROR

The appellant claims in his second and final point of error that the trial court erred in excluding a video that he made of his car's rear signal light the day before the suppression hearing. (App'nt Brf. 17-20).  This argument lacks merit because the appellant does not have the right to appeal it.  Nevertheless, the trial court did not abuse its discretion by excluding the evidence, which was both irrelevant and

substantially more prejudicial than probative. Finally, the appellant cannot show that he was harmed by the exclusion of his homemade video when the deputy's dash-cam video was admitted into evidence.

During the testimony of the appellant's father at the suppression hearing, he stated that he made a video of the appellant's turn signals "yesterday," when the weather was "partial overcast, sun peeking through periodically…" (RR. II – 34). He used a tape measure and testified that he could see the appellant's turn signal "clearly" at a distance of 300 feet (RR. II – 35). When the appellant offered the video into evidence, the State objected based on relevance, and the trial court stated, "We have an actual video that was made on the day of this offense that shows the lights or the vehicle itself and the condition of that vehicle on that day." (RR. II – 37). The trial court then sustained the objection (RR. II – 38).

As stated previously, the trial court's ruling on the admissibility of evidence is subject to an abuse of discretion standard on appeal. *See Coffin v. State*, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). A reviewing court should not reverse a trial judge whose ruling was within the "zone of reasonable disagreement." *Green v. State*, 934 S.W.2d 92, 101 (Tex. Crim. App. 1996). The reviewing court must view the evidence in the light most favorable to the trial court's ruling, giving the trial court almost total deference on its findings of historical fact that find support in the record. *Guzman*, 955 S.W.2d at 89. Finally, if the trial court's decision to

admit or exclude evidence is reasonably supported by the record and is correct under any theory of law applicable to the case, the reviewing court must affirm, even if the trial court gave an incorrect reason for the ruling. *See Romero*, 800 S.W.2d at 543-44; *Spann*, 448 S.W.2d 128; *Moreno*, 341 S.W.2d 455.

### A. The trial court did not give the appellant permission to appeal, and he did not raise the exclusion of his homemade video in a written motion.

In a plea bargain case, a criminal defendant's right to appeal is limited to those matters that were raised by written motion filed and ruled on before trial or to those cases in which the defendant obtained the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2); *Turley v. State*, 242 S.W.3d 178, 179 (Tex. App.—Fort Worth 2007, no pet.). A plea bargain case is one in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *Id.*

In the present case, the appellant pled "guilty" in exchange for a punishment recommendation by the State of two years on deferred adjudication (CR – 58). The trial court followed the plea agreement and sentenced the appellant accordingly (CR – 70). Thus, this was a plea bargain case. TEX. R. APP. P. 25.2(a)(2). The trial court's certification, however, did not give the appellant permission to appeal (CR – 77). Rather, the appellant was allowed to appeal the

9

ruling on his motion to suppress in his first point of error only because he raised the issue in a written motion that was filed and ruled upon prior to the trial (CR – 26-47).

The appellant's second point of error does not fit into the Rule 25.2 category of issues raised by written motion that are filed and ruled upon prior to the trial. Rather, the ruling on the exclusion of his homemade video was an evidentiary ruling made orally during the suppression hearing (RR. II – 38).   Therefore, the appellant is not entitled to raise that issue on appeal. *See Bounharith v. State*, 28 S.W.3d 51, 52 (Tex. App.—Texarkana 2000, no pet.) ("A defendant may enter a plea agreement for deferred adjudication and appeal that order in the same manner as he would in an ordinary probation case…The defendant must, however, still comply with the restrictions on appeals set out in TEX. R. APP. P. 25.2(b)(3).  By those restrictions he is limited to appealing jurisdictional defects, with the trial court's permission, or rulings on pretrial motions."); *see also Perez v. State*, 4 S.W.3d 305, 307 (Tex. App.—Houston [1st Dist.] 1999, no pet.) ("the trial court's denial of permission to appeal merely limits the issues that may be addressed on appeal; it may not operate to deny appellant's right to appeal his conviction."). The appellant's second point of error should be dismissed.

**B.** **The trial court did not abuse its discretion by excluding the appellant's homemade video because it was both irrelevant and substantially more prejudicial than probative.**

Under the Texas Rules of Evidence, the trial court follows a two-step process in determining whether evidence is admissible. *See Montgomery v. State*, 810 S.W.2d 372, 375-376 (Tex. Crim. App. 1990). First, the trial court must decide whether the evidence is relevant. *Id.*. Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Second, the trial court must determine if the evidence should be excluded because of some other provision, whether constitutional, statutory, or evidentiary. *See Montgomery*, 810 S.W.2d at 376.

Under Rule 403, a trial "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." *Id.* When performing a 403 analysis, courts should balance the following factors:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the

11

probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006) (footnote omitted); *see Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010) (explaining that "probative value" refers to how strongly evidence makes existence of fact more or less probable and to how much proponent needs evidence and that "unfair prejudice" considers how likely it is that evidence might result in decision made on improper basis, including emotional one).

Although appellate courts review a trial court's ruling on Rule 403 grounds for an abuse of discretion, reviewing courts should bear in mind that trial courts are given "an especially high level of deference" for Rule 403 determinations. *See United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007); *see also Pawlak v. State*, 420 S.W.3d 807, 810 (Tex. Crim. App. 2013).

In the present case, the issue was whether the appellant's signal was visible from a distance of 300 feet immediately before Deputy Abram stopped him; Abram swore that it was not (RR. II – 13-16, 21-22) (CR – 24). In addition to Abram's affidavit and testimony, the trial court also considered Abram's video footage from his dash-cam, which was taken on June 3 at the same time that Abram was making his observations (RR. II – 5, 8, 44). The appellant's video was taken on December 15 under partial-overcast skies with the sun peeking through

periodically, and any number of changes could have been made to the appellant's car in the meantime, from replacing the bulbs to washing the light fixtures (RR. II – 34). Because of the temporal break and differences in environment, the appellant's homemade video had very low inherent probative force. Because it was made on a different day under different conditions, it had a strong tendency to suggest a decision on an improper basis and to confuse or distract the trial court from the main issue. Finally, the appellant's need for that evidence was slim because there was a much better source for that video information: Deputy Abram's dash-cam video that was taken contemporaneously with the traffic stop.

The appellant's homemade video did not have having any tendency to make Abram's observations more probable or less probable than they would be without the video. Therefore, the trial court did not abuse its discretion in sustaining the State's objection. The appellant's second point of error lacks merit and should be overruled.

### C. The appellant cannot show that he was harmed by the exclusion of his homemade video when the deputy's dash-cam video was admitted into evidence.

If any error occurred, then the violation was not constitutional in nature, but rather was merely a violation of the evidentiary rules. Therefore, this Court must apply Rule 44.2(b) of the Texas Rules of Appellate Procedure and determine

whether the alleged error affected the appellant's substantial rights. TEX. R. APP. P. 44.2(b); *see Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007) ("The erroneous exclusion of evidence offered under the rules of evidence generally constitutes non-constitutional error and is reviewed under Rule 44.2(b).").

Rule 44.2(b) of the Texas Rules of Appellate Procedure provides that any non-constitutional "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). A substantial right is affected when an error has a substantial, injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If, on the record as a whole, it appears the error "did not influence the jury, or had but a slight effect," this Court must consider the error harmless and allow the conviction to stand. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The weight of the evidence of the defendant's guilt is a relevant factor in conducting a harm analysis under Rule 44.2(b). *Motilla v. State*, 78 S.W.3d 352, 360 (Tex. Crim. App. 2002). In the present case, the evidence of guilt was overwhelming. The trial court considered the affidavits in the case, including the affidavit of Deputy Abrams, the testimony of the witnesses, including the testimony of Deputy Abrams, and the dash-cam video. Abram's testimony was consistent and was corroborated by his dash-cam video, and that is why the trial

14

court found that Deputy Abram was "credible with regards to his testimony and the observations that he made on the date of this offense." (RR. II – 43). That sworn testimony showed that the appellant's turn signal was not visible at a distance of 300 feet at the time of the traffic stop. And the appellant's homemade video would have done nothing to contradict that conclusion. Such a condition is a violation of the law. TEX. TRANSP. CODE § 547.324(e) (West 2014).

Another relevant factor in a harm analysis under Rule 44.2(b) is "the character of the alleged error and how it might be considered in connection with other evidence in the case." *Id.*, 78 S.W.3d at 359 (quoting *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000)). In the present case, as stated previously, the excluded evidence had little to no probative value. It was taken more than six months after the relevant date and under conditions not consistent with the regulating statute. Therefore, the exclusion of the appellant's homemade video could not have had more than a slight effect on the ruling. And the appellant's second point of error should be overruled.

## CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ Eric Kugler
**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 274-5826
kugler_eric@dao.hctx.net
TBC No. 796910

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that: (a) the word count function of the computer program used to prepare this document reports that there are 4,517 words in it; and (b) a copy of the foregoing instrument will be served by efile.txcourts.gov to:

John Cossum
Attorney at Law
440 Louisiana, Suite 900
Houston, Texas 77002
jcossum@cossumlaw.com

/s/ Eric Kugler
**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 274-5826
TBC No. 796910

Date: November 4, 2015