**Opinion issued February 9, 2017**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00800-CR

————————————

## JOSEPH LEE TAYLOR, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Case No. 76613-CR

## MEMORANDUM OPINION

A jury found appellant, Joseph Lee Taylor, guilty of the felony offense of

driving while intoxicated, third offense or more.[1] Appellant then entered into a plea

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (Vernon Supp. 2016); *see also id.* § 12.42(d) (providing at trial of felony offense, other than unaggravated state jail felony, defendant punished by imprisonment for life or any term not more than 99

agreement in which he waived his right to appeal in exchange for the State's recommendation as to punishment. The trial court accepted the agreement, found appellant guilty, assessed his punishment at confinement for twenty-six years, and certified that appellant had waived his right of appeal. Appellant timely filed a pro se motion for new trial and notice of appeal.

We dismiss the appeal.

A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009) (citing TEX. CODE CRIM. PROC. ANN. art. 1.14 (Vernon 2005); *Monreal v. State*, 99 S.W.3d 615, 617 (Tex. Crim. App. 2003)); *see also Jones v. State*, 488 S.W.3d 801, 807 (Tex. Crim. App. 2016) (noting presentence waivers of right of appeal upheld where record shows defendant received consideration for waiver pursuant to plea agreement); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000) (concluding waiver valid where defendant waived right to appeal in exchange for recommended sentence).

Here, the State, appellant, and his counsel signed a "Plea Agreement," reflecting a "guilty plea" and a punishment recommendation of twenty-six years

---

years or less than 25 years upon proof of two previous sequential felony convictions).

2

with a jail-time credit of 401 days, and stating that "[d]efendant waives right to appeal."[2]   Appellant swore to "Defendant's Admonitions, Waivers, Judicial Confessions, Statements, Plea, Probation and Appeal-Felony Less than Capital (Incarceration)," in which he stated:

> I also waive and give up the 30 days provided in which to file a motion for new trial, motion for arrest of judgment and notice of appeal and I waive my right to appeal.
>
> The State and I mutually recommend to the Court the punishment in this case be **assessed at: <u>26</u> (. . . Years) . . . .**
>
> **I agree and stipulate that my jail credit for time served is <u>401</u> days.**

He initialed the statement, "I plead true to the enhancements pled in this case and not abandoned by the State," pleading true to the allegations in two enhancement paragraphs in the indictment that he had prior convictions for the felony offenses of robbery and possession of a controlled substance.  The trial court accepted the agreement, found appellant guilty, assessed his punishment at confinement for twenty-six years, and certified that he waived his right to appeal.  Thus, the record shows that appellant waived his right to appeal in exchange for the State's punishment recommendation.  And the trial court did not give him permission to appeal.

---

[2]   Appointed counsel represented appellant in the trial court.  Retained counsel appeared on appellant's behalf in this Court.  *See* TEX. R. APP. P. 6.2.

3

This Court notified appellant of our intent to dismiss the appeal unless he demonstrated that we have jurisdiction. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) (citing TEX. R. APP. P. 25.2(d)) ("The court of appeals must dismiss an appeal if a certification showing that the defendant has the right to appeal is not made a part of the appellate record."); *cf.* TEX. R. APP. P. 42.3(a) (providing for notice of intent to dismiss in civil case). Appellant responded, asserting that, "regardless of the certificate's indication of waiver," he "retain[ed] his right of appeal, at least with regard to [his] motion for new trial." He "concedes that such an appeal may be limited to the voluntariness of his plea regarding the effectiveness of counsel and whether the trial court abused its discretion in failing to grant a hearing" on his pro se new trial motion. In his motion, appellant asserted that his trial counsel rendered ineffective assistance by not objecting to the introduction of evidence, filing a motion to suppress evidence, and preserving his right to appeal, and "mislead[ing] him" into changing his election on assessment of punishment and "in the area of the [enhancement] statute." Appellant attached to the motion his affidavit and he requested a hearing on the motion, which was overruled by operation of law. *See* TEX. R. APP. P. 21.8(a), (c).

However, appellant's desire to assert on appeal claims about the voluntariness of this plea, the effectiveness of his trial counsel, and the trial court's not holding a hearing on the motion does not confer jurisdiction over the appeal. *See Turley v.*

*State*, 242 S.W.3d 178, 179–80 (Tex. App.—Fort Worth 2007, no pet.) (citations omitted) (concluding, in plea-bargained case, court of appeals could not consider claim about trial court's not holding hearing on motion for new trial without permission to appeal); *Estrada v. State*, 149 S.W.3d 280, 283 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (stating denial of motion for new trial not appealable in plea-bargained case without trial court's permission); *see, e.g.*, *Zendejas v. State*, No. 05-16-00848-CR, 2016 WL 6078569, at *2 (Tex. App.—Dallas Oct. 17, 2016) (mem. op., not designated for publication) (citations omitted) (concluding notice of appeal did not invoke court of appeals' jurisdiction over matters raised in motion for new trial where defendant entered into plea-bargain agreement and waived right to appeal). Because the record demonstrates that he waived his right to appeal knowing with certainty the punishment to be assessed without obtaining the trial court's consent to appeal, appellant may not appeal his conviction. *See Ex parte Broadway*, 301 S.W.3d at 697; *Blanco*, 18 S.W.3d at 219.

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).

5